# MRS. SAVANNAH CULVER HOLMES, Administratrix, Appellant, v. AMERICAN BAKERIES COMPANY, Appellee.—466 S.W. 2d 502.

Western Section. December 15, 1970.

Certiorari Denied by Supreme Court April 5, 1971.

602

W. C. Rodgers, Memphis, for appellant.

Leo Bearman, Sr., Leo Bearman, Jr., Memphis, for appellee.

NEARN, J. This is an appeal from a jury verdict for the defendant in an action brought by the Administratrix for the wrongful death of the decedent intestate, arising from a truck-motorcycle collision.

The Assignments of Error can be essentially stated as follows:

## I.

The trial Court erred in failing to grant a new trial as the verdict is contrary to the evidence and there is none to support it.

## II.

The trial Court erred in not directing a verdict for the plaintiff at the conclusion of the evidence.

## III.

The trial Court erred in failing to declare a mistrial when the jury initially stated they were deadlocked.

## IV.

The trial Court erred in instructing the jury as to contributory negligence and erred in refusing to charge certain special requests of the plaintiff.

## V.

The trial Court erred in permitting improper argument to be made to the jury by defendant's counsel.

The fatal collision took place on Friday, June 13, 1969, in the vicinity of the intersection of Lamar Avenue and Knight Arnold Road in the city of Memphis, Tennessee. We use the term "vicinity" as the proof is hotly disputed as to whether the point of impact was actually in the intersection or on Knight Arnold Road.

The proof also disputes the general directions of the streets at the intersection but, for the sake of clarity, we shall consider Lamar Avenue to run in an east-west direction and Knight Arnold Road in a north-south direction.

The deceased, Michael Anthony Holmes, 16 years of age at the time of the collision, was proceeding on a motorcycle westwardly on Lamar Avenue approaching its intersection with Knight Arnold Road. A passenger, Rudy C. Robinson, was also on the motorcycle but did not testify in the cause. The defendant's truck, at that time driven by Billy Gene Hicks, the agent, servant, or employee of defendant, was making a left turn from

Lamar Avenue, where the truck had been proceeding eastwardly onto Knight Arnold Road. From this point in the proof to its conclusion, all matters are controverted.

It was the plaintiff's theory that the deceased was operating the motorcycle in compliance with all traffic ordinances, keeping a proper lookout, and in the exercise of reasonable and ordinary care for his own safety and the safety of others. That, while so operating the vehicle on Lamar Avenue in the close proximity of Knight Arnold Road, the defendant's truck failed to yield the right-of-way and suddenly turned into and struck the deceased, fatally injurying him. The Declaration also charges that the truck driver was not keeping a proper lookout ahead and failed to have the truck under proper control.

It was the defendant's theory that the truck driver was guilty of no negligence whatsoever. That the driver made a proper signal for a left turn and when he commenced his turn the deceased was not in the close proximity to constitute an immediate hazard, but the deceased whipped around, approaching cars at a high rate of speed, and struck the defendant's truck at the right front corner thereof, when the front of the truck was well into Knight Arnold Road. The defendant contended it was the deceased who failed to yield the right-of-way and the driver did all that was possible to avoid the collision.

It is not the function of this Court, after a jury has rendered its verdict, to weigh the evidence or look to the credibility of witnesses. When called upon to examine the evidence, as the nature of the first Assignment requires, our function is to determine if there is any material evidence favorable to the prevailing party, disregarding

all countervailing evidence, and it is immaterial whether the prevailing party is the plaintiff or the defendant. If such evidence is present, no reversal for want of evidence is permitted. This duty of the Court has previously been set out on occasions too numerous to require any further statement of authorities confirming this duty.

■ We have reviewed all the evidence in this case and it will be sufficient to say that there is material evidence to support the plaintiff's theory, but there is also material evidence to support the defendant's theory. Therefore, there is material evidence to support the verdict of the jury, and the first Assignment must respectfully be overruled.

■ The second Assignment of Error faults the trial Judge for not directing a verdict for the plaintiff at the conclusion of the evidence. We are unable to find in the record that, at the conclusion of the evidence, such a motion was made. The trial Judge is not required in a contested case to direct a verdict for the plaintiff at the close of all the proof and, absent a motion to do so, the plaintiff cannot on appeal be heard to complain of such failure to direct a verdict. The second Assignment is respectfully overruled.

This case went to the jury sometime during the morning of the same day it was tried. At 12:36 p.m. the jury was excused for lunch and recommenced deliberation at 2:00 p.m. During the afternoon additional instructions were requested by the jury and given by the Court. At 4:13 p.m. a juryman announced, ''We are hung, sir.'' The Court asked each juror if ''any further deliberations would do any good in the case?'' One juror answered, ''I don't know * * *.'', another answered, ''I don't think

so'', and the rest answered, ''No sir.'' The Court then inquired, ''Well, do you maybe think that if you went a little longer, if you came back tomorrow, that you might do some good on this case?'' A juror answered, ''We might try that, your Honor.'' The Court then stated:

''All right. The reason I say that is, of course, if you can't agree you can't agree, but I am going to suggest that we do come back in the morning, and sleep over the matter and see what you think. I will see you all in the morning. The same rule goes, don't talk to anybody about this case.''

The jury again deliberated starting at 10:00 a.m. the next morning and returned a verdict for the defendant at 11:00 a.m.

■■■ When jurors report as deadlocked, the trial Judge has wide discretion concerning declaring a mistrial, Claiborne v. Solomon, 187 Tenn. 634, 216 S.W.2d 339, and we do not consider the trial Judge's actions in this case as an abuse of discretion. The third Assignment is respectfully overruled.

■■■ By the fourth Assignment, plaintiff assails the trial Court for instructing the jury as to the doctrine of contributory negligence. This complaint is based on the argument that it was ''manifest that defendant's driver was guilty of gross negligence''; therefore, contributory negligence on the part of the plaintiff would have no effect. It is significant to note that plaintiff's Declaration sets out the circumstances of gross negligence as follows:

''The defendant and/or its said truck driver was grossly negligent in that it was operating its said truck

with a non-resident driver, who was not thoroughly conversant or familiar with the laws, rules and regulations governing the operation of said truck in Memphis or Shelby County.''

Even if the foregoing statement constituted circumstances of gross negligence, and we are of the opinion it does not, there is absolutely no proof in the record to substantiate the statement; in fact, the only proof in that regard indicates to the contrary. Certainly, under the contested facts of this case, absent gross negligence, the jury should have been instructed as to contributory negligence. It is evident from the Court's charge that the trial Judge was of the opinion that the case did not involve gross negligence, as gross negligence is not mentiond in the charge. It is also significant to note that none of the plaintiff's special requests to charge seek to have the jury instructed as to the doctrine and effect of gross negligence. If the Court's charge were merely incomplete, the duty was upon the aggrieved party to call the incompleteness to the attention of the Court, or the defect is waived. Shelton v. Martin, 180 Tenn. 454, 176 S.W.2d 247; Tallent v. Fox, 24 Tenn.App. 96, 141 S.W.2d 485; Cincinnati, N. O. & T. P. Ry. Co. v. Denton, 24 Tenn. App. 81, 140 S.W.2d 796. Also see Rush v. Lick Creek Watershed, 50 Tenn.App. 28, 359 S.W.2d 582.

The fourth Assignment also raises issues concerning the plaintiff's five special requests to charge. The first two are admittedly nothing more than instructions to find for the plaintiff. Our treatment of the first Assignment of Error obviates further discussion of the first two special requests. The third special request to charge should not have been charged as it did not state the applicable law. The tendered third special request to

charge contained statements of law regarding the duties of drivers approaching open intersections from different roads and had no application to the case at hand. The fourth and fifth special requests were adequately contained in the Court's charge. Therefore, the fourth Assignment is respectfully overruled.

█ The fifth Assignment of Error will not be considered by this Court and is therefore overruled. This Assignment attacks the trial Court for permitting counsel for defendant to make certain statements to the jury in the final argument. The record before us does not contain the arguments to the jury and therefore the Assignment cannot be considered.

Since all Assignments of Error are overruled, it therefore follows that the Decree of the trial Court is affirmed with the costs of appeal and costs below adjudged against the appellant.

Carney, P. J., and Matherne, J., concur.