Hugh E. RULE and wife, Betty T. Rule, Petitioners,

v.

EMPIRE GAS CORPORATION, Empire Gas, Inc., of Clinton, Tennessee, Shelby H. Mounger and Ben Price, Respondents.

Supreme Court of Tennessee.

March 10, 1978.

Rehearing Denied April 10, 1978.

Ronald L. Grimm, John D. Lockridge, Knoxville, for petitioners; Ambrose, Wilson, Lockridge & Grimm, Knoxville, of counsel.

Robert A. Finley, J. W. Baker, Knoxville, for respondents; Kennerly, Montgomery, Howard & Finley, Poore, Cox, Baker, McAuley, Ray & Byrne, Knoxville, of counsel.

OPINION

BROCK, Justice.

This is an action for personal injuries in which we granted certiorari to review the judgment of the Court of Appeals reversing judgments obtained by the plaintiffs in the trial court.

The plaintiffs, Hugh Rule and his wife, Betty Rule, engaged the services of the defendant corporations to supply liquified petroleum gas (LP gas) for use at their residence. The Rules heated a swimming pool at their residence by means of a gas heater located in a small "pool house." In August, 1974, co-defendants, Shelby H. Mounger and Ben Price, as agents and employees of the defendant corporations were dispatched by their employers to deliver LP gas to the home of the plaintiffs. After refilling the tank of the plaintiffs, these two servicemen, Mounger and Price, requested Mrs. Rule to light the pilot light. When she was unable to do so, they concluded that there was air in the line and

proceeded to bleed the line in order to remove the air and allow a combustible mixture to flow. Following this operation, Mr. Rule, at their request, attempted to light the pilot light and when he struck a match for this purpose an explosion occurred which caused his body to become a mass of flame. Mr. Rule ran from the pool house and leaped into the swimming pool but he suffered very extensive, serious and disabling injuries by reason of burns sustained before the flames were extinguished.

Mr. Rule, suing for his personal injuries, and Mrs. Rule, suing for loss of consortium and incidental damages, brought action against the defendant corporations and their two servicemen employees based upon their negligence. The defendants answered the complaint of the plaintiffs and in addition filed a third party complaint against Cities Service Oil, Inc., from whom the corporate defendants had purchased the gas in question, alleging that the third party defendant had failed to properly odorize the gas so as to make it detectable by smell. The verdict of the jury exonerated the third party defendant but awarded damages to the plaintiffs and against the defendants in the amount of $1,750,000.00 compensatory damages to Mr. Rule, plus $500,000.00 punitive damages, and $250,000.00 compensatory damages to Mrs. Rule. Upon consideration of the motion for a new trial, the trial judge suggested a remittitur of $500,000.00 in the case of Mr. Rule and a further sum of $100,000.00 in the case of Mrs. Rule. The remittiturs were accepted under protest by the plaintiffs. Both the plaintiffs and the defendants appealed to the Court of Appeals, the plaintiffs contesting the remittiturs and the defendants contesting their liability.

The Court of Appeals pretermitted all issues except an assignment of error in which the defendants insisted that the trial judge committed error in failing to instruct the jury respecting the law of contributory negligence and assumption of risk, even though no request for such instructions was made by the defendants at the trial, the first such insistence having been made in the motion for a new trial. The Court of Appeals concluded that reversible error was committed in this regard and reversed the judgment of the trial court for each of the plaintiffs and remanded for a new trial. The plaintiffs thereafter petitioned this Court for certiorari which we granted.

In their answer to the complaint of the plaintiffs, the defendants did plead contributory negligence as a defense but at the trial they offered no evidence to sustain such a plea, made no argument to the court and jury urging such a defense and, as above noted, at the trial did not request the trial judge to give any instruction upon the law of contributory negligence or assumption of risk and did not make any objection to the instructions as given, although the experienced trial judge specifically inquired of counsel before the jury retired whether they had any objections to the charge as given or had any request for further instructions. Accordingly, the plaintiffs insist that the defendants waived or abandoned the defense of contributory negligence or assumption of risk and that the trial judge committed no error in failing to give instructions to the jury respecting the law on this subject.

I

The decision of the Court of Appeals was based upon its conclusion that Rule 51.02, Tennessee Rules of Civil Procedure, permits a party to predicate error upon the failure of the trial judge to instruct the jury respecting certain aspects of the law so long as the omission is pointed out in the motion for a new trial although the complaining party failed to interpose any objection to the charge as given and failed to make any request for further instructions at the trial. In this, we conclude the Court of Appeals erred.

In its opinion, the Court of Appeals acknowledged that

". . . a majority of the cases hold that absent a special request appellate courts will not reverse because of meagerness, omissions or ambiguities in the charge." (Citations omitted.)

However, that court concluded that this rule is no longer in effect since the adoption of the Tennessee Rules of Civil Procedure, Rule 51.02, which provides:

"51.02. *Objection: Failure to Object.*

"After the judge has instructed the jury, the parties shall be given opportunity to object, out of hearing of the jury, to the content of an instruction given or to failure to give a requested instruction, but failure to make objection shall not prejudice the right of a party to assign the basis of the objection as error in support of a motion for a new trial."

The Court of Appeals construed this rule as follows:

"It is apparent that it was intended to place the burden upon the court rather than the attorneys with regard to the sufficiency of the charge."

With this construction of Rule 51.02 we cannot concur. Rule 51.02 does permit a party to allege error in his motion for a new trial based upon (1) inaccuracy of the charge as given or (2) failure to give a requested appropriate instruction, although no objection or exception in this respect was made at the trial; but we find nothing in the rule which relieves trial counsel of the burden of requesting an instruction to cover alleged omissions in the instructions as given.

Rule 51.02 does not constitute a departure from previous procedure in this State although, as the Advisory Committee Comment to the rule indicates, it does differ from the federal rule in some particulars. Although the precise issue before the Court in *Henry County Board of Education v. Burton,* Tenn., 538 S.W.2d 394 (1976), was substantially different from the one with which we are concerned in the instant case, the majority, speaking through Mr. Justice Harbison, made observations concerning the question whether Rule 51.02 represented a departure from the procedure obtaining prior to the adoption of the Tennessee Rules of Civil Procedure which we deem to be pertinent here. Hence, we quote:

"The second portion of Rule 51.02, to the effect that failure to object does not constitute waiver of errors in the instructions, is entirely consistent with and in fact preserves the pre-existing practice in this state, prior to the adoption of the Rules of Civil Procedure. It has long been the rule in this state that positive error in jury instructions could be assigned for the first time on motion for a new trial, regardless of whether objection had been made or a special request submitted. See *McClard v. Reid,* 190 Tenn. 337, 343, 229 S.W.2d 505 (1950); *Caruthers History of a Lawsuit* § 407 (8th ed., Gilreath, 1963). The comparable federal rule of civil procedure is to the contrary, but the Advisory Committee, in its comments on the Tennessee Rules, stated that it was deliberately not recommending adoption of the federal rule.

"The Court of Appeals, therefore, was in error, in our opinion, in undertaking to distinguish the *Coffelt* case [*State ex rel. Coffelt v. Hartford Accident & Indemnity Co.,* 44 Tenn.App. 405, 314 S.W.2d 161 (1958)] on the basis of the adoption of Rule 51.02. Some changes in previous practice had been incorporated in Rule 51.01, with respect to the appropriate time for tendering special requests for jury instructions, but Rule 51.02 neither contemplated nor accomplished any change in previous practice with respect to assignments made on motion for new trial.

"This is not to suggest that the doctrine of waiver has no application in this and in other areas of trial practice. Counsel are expected to assist the trial court at all stages of litigation. Both the rules of waiver and considerations of harmless error, announced in cases decided prior to the adoption of the Rules of Civil Procedure, still obtain. We approve the following statement by this Court made many years ago:

" ' . . . counsel engaged in a trial should aid the court by calling his attention to an abstraction or an inadvertence in delivering his instructions to the jury, and, where they fail to do so, this court will not reverse unless convinced that the

party complaining has [been] prejudiced by such instruction, or that justice is about to miscarry.' *Carney v. Cook,* 158 Tenn. 333, 340, 13 S.W.2d 322, 325 (1929)." 538 S.W.2d at 397.

There can be no doubt, as conceded by the Court of Appeals, that prior to the adoption of Rule 51.02 a party was precluded from predicating error upon an alleged omission in the instructions of the trial judge unless he had pointed out such omission to the trial judge prior to submission of the case to the jury. Typical of opinions of the appellate courts announcing and enforcing this rule is the opinion of Mr. Justice Cooper, then a member of the Court of Appeals, in *Provence v. Williams,* 62 Tenn. App. 371, 462 S.W.2d 885, 887 (1970), from which we quote as follows:

"As a matter of practice, we think all instructions to the jury where contributory negligence is an issue should include an instruction defining remote contributory negligence and telling its effect, but are of the opinion the failure to include such an instruction is not reversible error, where, as in the present case, the omission is not called to the trial judge's attention and no request is submitted setting forth the correct remote negligence charge, and there is no showing the trial judge's charge, as given, was incorrect or was couched in language which would mislead the jury on a material issue. . . . When a party is of the opinion the instructions given by the court do not cover all phases of the case, he should call the attention of the trial judge to that fact and tender other and fuller instructions; otherwise, he cannot predicate error upon omissions in or meagerness of the charge as given."

See also *McClard v. Reid,* 190 Tenn. 337, 229 S.W.2d 505 (1950); *Holmes v. American Bakeries Company,* 62 Tenn.App. 601, 466 S.W.2d 502 (1970). In the *Holmes* case the plaintiff attacked the trial court's charge of contributory negligence in light of his complaint which charged gross negligence. The court responded as follows:

"It is evident from the Court's charge that the trial Judge was of the opinion that the case did not involve gross negligence, as gross negligence is not mentioned in the charge. It is also significant to note that none of the plaintiff's special requests to charge seek to have the jury instructed as to the doctrine and effect of gross negligence. If the Court's charge were merely incomplete, the duty was upon the aggrieved party to call the incompleteness to the attention of the Court, or the defect is waived." *Ibid.* at 505.

In *Channell v. Anthony,* 58 Cal.App.3d 290, 129 Cal.Rptr. 704, 722 (1976), the California court construed the equivalent to our Rule 51.02 as follows:

"Under Code of Civil Procedure, section 647, if the instruction is erroneous, a party need not object to it at trial in order to raise the legal question on appeal. However, if the error was one of omission and the instruction could have been corrected by objection at trial, failure to do so would have constituted a waiver of the right to object on appeal."

We hold that Rule 51.02 of the Tennessee Rules of Civil Procedure has not abolished or altered the rule announced in the *Provence* and *Holmes* cases, *supra,* that in order to predicate error upon an alleged omission in the instructions given to the jury by the trial judge he must have pointed out such omission to the trial judge at trial by an appropriate request for instruction.

■ The trial judge did not err in failing to instruct the jury respecting contributory negligence and assumption of risk, since the defendants made no request at trial for such instructions.

Our decision in *Street v. Calvert,* Tenn., 541 S.W.2d 576 (1976) is not contrary to the conclusion we have reached. We were not dealing in the *Street* case with an alleged omission in the instructions of the trial judge but with failure of the trial judge to give a requested proper instruction. Consequently, what was said in *Street* was in support of our conclusion that the trial judge had erred in failing to instruct as

requested. In support of that conclusion in *Street* we cited *Richards v. Parks,* 19 Tenn. App. 615, 93 S.W.2d 639 (1935) and *Tennessee Electric Power Company v. Van Dodson,* 14 Tenn.App. 54 (1931). In both the *Richards* and *Van Dodson* cases, special requests had been made for instructions and refused by the trial judge; neither case involved any question of an alleged omission in the instructions to the jury which was not properly called to the trial judge's attention by special request.

## II

 We are convinced from our review of the trial record in this case that although contributory negligence was alleged in the answer filed by the defendants, it was, in fact, abandoned at the trial in favor of the theory of the defendants that the explosion and injuries were solely caused by a failure of the third party defendant, Cities Service Oil, Inc., to properly odorize the gas which exploded. This is evidenced by the closing argument of defense counsel to the jury in which no mention of contributory negligence or assumption of risk was made and by their opening statement, portions of which we quote as follows:

> "The two servicemen were in and around the pool house and nobody noticed an odor of gas which would warn them that it was dangerous to light that heater
>
> . . . .
>
> "So the servicemen themselves did not have the benefit of the warning that the malordorant, ethel mercaptan, is supposed to give not only to the consumer, but the people who handle this dangerous substance . . . .
>
> "In the first place, the serviceman, himself, who was just as exposed as Mr. Rule, would have known it immediately and said 'Wait a minute. We have got a problem.'"

Obviously, the theory which the defendants advanced to the jury and trial judge was that neither the plaintiffs nor the servicemen of the defendant were negligent but, instead, all were endangered by failure of the third party defendant to properly odor-

ize the gas. Such being the real defense of the defendants at the trial, they cannot be heard now to complain of the failure of the trial judge to charge the jury with respect to contributory negligence and assumption of risk. *McColgan v. Langford,* 74 Tenn. 108 (1880); *Winchester v. Meads,* 372 Mich. 593, 127 N.W.2d 337, 6 A.L.R.3d 662 (1964); 75 Am.Jur.2d *Trial* § 649 (1974).

We reverse the judgment of the Court of Appeals and remand this case to that court for consideration of the assignments of error made therein by both the plaintiffs and the defendants which assignments were pretermitted in its original opinion.

Costs accrued in this Court are adjudged against the defendants.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.