Freeman **BOYD** and Shirley Boyd, as natural parents of Vanessa Shantay Boyd, a deceased minor, Plaintiffs–Appellants,

v.

Patricia J. **HICKS**, M.D., Gary S. Marshall, M.D., Susan O'Connor, M.D., Barbara Englehardt, M.D., and Vanderbilt University Medical Center, Defendants–Appellees.

Court of Appeals of Tennessee, Middle Section, at Nashville.

April 7, 1989.

Permission to Appeal Denied by Supreme Court July 3, 1989.

624

Steve North and Nella McCall, Nashville,
for plaintiffs-appellants.

Lewis B. Hollabaugh, Nashville, for defendants-appellees, Hicks, Marshall and Englehardt.

H. Lee Barfield, II, Nashville, for defendants-appellees, O'Connor & Vanderbilt University Medical Center.

OPINION

TODD, Presiding Judge.

This suit was brought by Freeman and Shirley Boyd for the wrongful death of their child, Vanessa Shantay Boyd. The defendant, Barbara Englehardt, was dismissed by nonsuit. The defendant, Susan O'Connor, was dismissed by directed verdict. The defendants, Patricia J. Hicks, Gary S. Marshall and Vanderbilt University Medical Center, were dismissed by jury verdict.

The notice of appeal states:

"Come the *Plaintiff* and give notice of an appeal ..."

The use of the singular form of plaintiff will be treated as an inadvertence, and the appeal will be regarded as that of both plaintiffs.

Two issues are presented for review. The first complains of three aspects of the jury instructions, and the second complains of the conduct of the Trial Judge.

The suit arises out of the death of the infant child which allegedly resulted from the negligence of Dr. Patricia Hicks, a resident pediatrician, Dr. Gary Marshall, her supervising pediatrician, Dr. Susan O'Connor, attending physician, and Vanderbilt University, the employer of Dr. O'Connor.

Under appellants' first issue, complaint is made of several portions of the jury charge, however not all of the portions of the charge quoted in appellants' brief were called to the attention of the Trial Court in appellants' motion for a new trial.

Of all the portions of the charge mentioned in appellants' first complaint, the only portion cited in the motion for new trial reads as follows:

"Now, when I reach the end of that, I, of course, wonder, well, what does the jury think that means. And is there a better way to explain it? I'm not real sure. We deal in probabilities. And we say that to carry the burden of proof, the party having that burden must convince you that the claim is probably true. *And there is always the question in the back of my mind, how probably true do you mean? And the only answer that I know of is, probably true enough that you are willing to accept it as being true as would a normal reasonable person. In other words, not that it's 51% true, but probably true enough that you can accept it as being true.* Now if half of you believe that a point is true and half of you believe it is not true, that is not an equipoise, or even balance, in the evidence. That's a hung jury. And you should debate further until you can reach a view that all of you can accept. It is when all of you find that a fact might be true, might even quite well be true, but on the other hand, it might just as well not be true, that's when you have an equipoise of evidence that would require your finding to be against the party having the burden of proving it." (Emphasis supplied.)

The portions of the charge mentioned, in appellant's brief and not cited in the motion for new trial must be considered as waived, and may not be considered by this Court. T.R.A.P. Rule 3(e).

Thus, there is left for consideration by this Court only the paragraph quoted above which was included in the motion for a new trial. Appellants complain of the words:

... how probably true do you mean? ... enough that you are willing to accept it as being true as would a normal reasonable person.

Although this Court would not recommend the quoted verbiage in explanation of probability or preponderance of evidence, it cannot say that it constitutes reversible error. It is a fact of life which should be familiar to every trial judge and trial attorney that preponderance is an abstraction which cannot be explained apart from the effect of the evidence upon the hearer, and

the effect upon the hearer is based upon the susceptibility of the hearer to persuasion.

■■■ It is proper for Trial Courts to charge in abstract terms the degree of proof sufficient to justify a finding, but courts are not at liberty to charge the degree of proof which mandates a finding, except in the case of uncontradicted evidence (directed verdict). This being true, a jury must be left to its own discretion in weighing evidence to determine whether the evidence presented by a party does or does not constitute the preponderance of the evidence.

Appellants cite *Knights of Pythias v. Steele*, 107 Tenn. 1, 63 S.W. 1126 (1901). In that case the Supreme Court said:

The third and fifth assignments are in substance the same as the second above set out, that is, they question the quantum of evidence required by the circuit Judge to establish the defense that the insured committed suicide.

The specific charges complained of are as follows:

"3. Such is the love of life that the law presumes no man will commit suicide or intentionally kill himself, therefore the burden of proof is on the defendant to establish to the satisfaction of the jury by a preponderance of the evidence that J.K. Steele did intentionally take a dose of morphine or other narcotic and that it produced death.

"5. If the facts and circumstances as proven in this case, establish the fact to the satisfaction of the jury that said Steele did use opiates and narcotics, but the same were not used with the intention and purpose of producing death, then the establishing of such facts would meet the requirements of the law."

We think the criticism of these portions of the charge is in the main correct.

The meaning of the word "establish" as applied to the quantum of evidence, is to settle certainly or fix permanently what was before uncertain, doubtful or disputed. 11 Am.Enc. of Law (2d Ed.), 353. It is a term much more appropriate for criminal than civil cases, but even in criminal cases the facts do not have to be established so as to settle them certainly and leave no ground for dispute, but only beyond a reasonable doubt. 107 Tenn. 1 at pages 6–7, 63 S.W. 1126.

It is seen that the use of the word, "establish" was critical to the error found in the jury instruction. That word is not found in the instruction under review.

Appellants cite *Gage v. Louisville N.O. & T.R. Co.*, 88 Tenn. 724, 14 S.W. 73 (1890) wherein the critical words were:

In every lawsuit the plaintiff says, substantially, "I know the origin and occasion of the loss of which I now complain, and will establish to the full satisfaction of the jury, by clear and convincing proof of witnesses I know of and will introduce, that the defendant, whom I have compelled to come into this Court is responsible in damage to me for the loss". This the law calls the burden of proof.

No such definition of the burden of proof is found in the charge under review.

No reversible error is found in the portion of the charge just considered.

■■■ Appellants next complain of an instruction to the jury as follows:

"One of the other rules I should not forget to reflect to you is you can't presume negligence merely from the happening of an unfortunate event. Bad things do happen even to good people. But the question is not whether a bad thing happened, but whether it was caused by negligence or a failure, in this case, to live up to the standard of care upon which that particular physician should comply with."

Appellants' entire argument in support of this complaint is as follows:

As set out previously in the Statement of Facts, there was substantial evidence in the case that the existence of the hole in the trachea in the place and under the circumstances as shown in this case was evidence in and of itself of negligence in the intubation of the child.

The challenged charge does not preclude the finding of negligence by inference from

all of the circumstances of the incident as provided by T.C.A. § 29–26–115(c). No merit is found in this complaint.

■■■ Appellants next complain as follows:

The Court erred in charging the jury six different times to the effect that if a physician used his best judgment, or made an error in judgment, there was no liability and in stating to the jury that if the average doctor in the community could make such a mistake, it was not negligence.

The brief of appellant quotes six offending statements of the Trial Judge, whereas the motion for new trial quotes only four of such statements. As to those statements not recited in the motion for new trial, the complaint is waived. As to the remaining four, no reversible error is found in the reiteration of principles which were correct, subject to conditions which were explained in the charge. The clear burden of the charge was that a failure to act in accordance with the recognized standard of acceptable professional practice was negligence.

Generally repetition of a legal principle does not invalidate a jury charge. *Kunk v. Howell*, 40 Tenn.App. 183, 289 S.W.2d 874 (1956).

Moreover, the Trial court specifically charged the jury that no inference should be drawn from the repetition or rewording of instructions.

■■■ Appellants complain that the Trial Court failed to state to the jury the circumstances under which they were entitled to recover. In the absence of a special request for instructions, this complaint cannot be considered on appeal. *Rule v. Empire Gas Corp.*, Tenn.1978, 563 S.W.2d 551; *Bowers v. Thompson*, Tenn.App.1984, 688 S.W.2d 827.

In summary, no reversible error is found in the instructions to the jury.

■■■ Appellants' second issue is as follows:

The cumulative effect of the trial court's sua sponte remarks, comments, questioning of witnesses, interjections, characterization of testimony and treatment of counsel for plaintiffs and witnesses for plaintiffs deprived the plaintiffs' of the "cold neutrality" of an impartial court guaranteed by Article 6, Section 11, of the Tennessee Constitution.

Appellants first complain of remarks of the Trial Judge out of the presence of the jury during the discussion of objections to some of the testimony of a witness as to the value of the life of deceased. Appellants do not point out how these remarks could have prejudicially affected the verdict of the jury, and no means occurs to this Court whereby prejudice could have resulted. If the remarks were regarded by appellants as evidencing judicial prejudice, the remedy was a motion for recusal or mistrial, neither of which appears in the record. Moreover no reference to this specific behavior of the Trial Judge is found in the motion for a new trial.

■■■ Appellants next complain of a colloquy between a witness and the Trial Judge in the presence of the jury.

No specific reference to this incident is found in the motion for a new trial. The only obscure reference therein is as follows:

12. The Court erred in numerous instances throughout the trial by interrupting counsel for the Plaintiff and making objections on the Court's own Motion and also in making asides, comments and distracting remarks the cumulative effect of which was to deny Plaintiff a fair trial.

Wherefore Plaintiff moves for a new trial.

The foregoing is not deemed to be a sufficient compliance with T.R.A.P. Rule 3(e) which requires that the issue be "specifically stated" in the motion. The complaint is therefore deemed to be waived.

Appellants next complain that the Trial Court intervened in the examination of a witness in the presence of the jury.

This complaint is not found in the motion for new trial except in the above quoted

summary complaint which, as stated, is not sufficiently specific. This complaint is therefore deemed waived.

Appellants next complain of the action of the Trial Court in questioning a witness regarding swelling in the neck of the deceased.

Again, no specific reference to this incident is found in the motion for new trial; and the general complaint, quoted above, is not sufficiently specific to preserve the issue for review on appeal. The issue is therefore deemed waived.

### Exhibits

■■■ Appellants next complain of the following incident:

Q. "Dr. Mauricio, in examining the trachea and the larynx, or the specimen of the trachea and the larynx, I want to hand you four photographs and—actually they're in—

THE COURT: Mr. North, so far as additional exhibits are concerned I don't believe that would be in rebuttal.

MR. NORTH: Well, Judge, I certainly believe it would. And I—

THE COURT: But I don't. I said you could ask this undisclosed expert witness questions concerning the testimony of other witnesses who did not produce such exhibits." (TR. Vol. X, p. 59, 1. 8—p. 60, 1.

. . . .

Q. "All right. Now, did you look at the slides of the cross section?

A. Yes, sir.

Q. Of the trachea?

A. I looked at all of the slides.

MR. NORTH: Now, may it please the Court, I have these slides, and I ask that they be admitted in evidence.

THE COURT: Mr. North, you did not inform opposing counsel that you would use these slides with an expert witness so that opposing counsel could have their expert check them.

MR. NORTH: Their experts have said they've already checked them.

THE COURT: But not pathology.

MR. NORTH: But they said they went out and talked to pathology.

THE COURT: They have not had benefit of anything about this evidence.

MR. NORTH: Judge, I didn't know—

THE COURT: And you're offering this in rebuttal, not as evidence in chief.

MR. NORTH: So is Your Honor saying that you're overruling these—the admission of these as exhibits?

THE COURT: I'm saying they come too late because they would be unfairly used against people without notice.

MR. NORTH: Now, I want to object to the Court's statement that I'm doing anything unfair.

THE COURT: The rules have very clear steps you take in regard to expert evidence. That evidence—those steps have not been taken as to this witness.

MR. NORTH: May it please the Court, I ask that the jury be excused so I can make a statement on the record.

THE COURT: I think I know what you have in mind; we'll make that statement a little later.

MR. NORTH: Is Your Honor ruling that these are not admissible?

THE COURT: Yes, I am.

MR. NORTH: All right.

THE COURT: Because they do not conform with the Rules of Evidence required by the Rules of Procedure."

. . . .

THE COURT: "There is another part of the law which you probably know of, too. And that is, it's the policy at trials, nowadays, if someone wants to offer an expert opinion as evidence, then the other party should have first and full knowledge of what they opinion is and what it's based on so that they can better test the propriety of the opinion and obtain other evidence to meet it.

We have another rule that says that prior disclosure of rebuttal witnesses is not necessary, but when the rebuttal evidence is the same as the evidence in chief then it loses a little of its character as rebuttal.

And I think it better to limit rebuttal evidence to the statements of experts

that you have heard without offering anything new in the case, and it's for that reason that I've been a little restrictive on Mr. North in interrogation of this particular witness because opposing counsel have had no notice, whatsoever, of what the opinion would be or what it would be based upon.

And so I'm trying to limit it to rebuttal evidence rather than evidence that could have been produced as evidence in chief. So with those explanations I expect we better go ahead. But if I throw things at somebody it's because of the tooth and not because of anything else. All right, Mr. Hollabaugh?"

No specific mention of the quoted statements of the Trial Judge is found in the motion for new trial which does contain the following:

9. The Court erred in the way the Court treated counsel for the Plaintiff and Dr. Lily Mauricio who was called to testify on rebuttal. The Court on its own motion, without any objection severely chastised Plaintiff's attorney, accused Plaintiff's attorney of being unfair and then failed or refused to make a curative instruction, leaving the jury with the impression that somehow counsel for the Plaintiff had acted improperly and unfairly in the prosecution of the case.

The quoted portion of the motion for new trial is not sufficiently specific to preserve the issue for review on appeal as required by T.R.A.P. Rule 3(e). The complaint is therefore deemed waived.

■ Appellants next complain that they were not permitted to introduce pictures illustrating a microscopic view of a portion of the trachea of the deceased as mentioned in the above quoted examination of Dr. Mauricio. Appellants' brief does not identify the four exhibits by letter or number, and same are not found in the record. For this reason, the complaint of exclusion cannot be considered by this Court. *Valentine v. Conchemco, Inc.,* Tenn.App.1979, 588 S.W.2d 871.

■ The only reference to the exclusion of exhibits found in the motion for new trial is the following:

10. The Court also erred in refusing to allow any rebuttal exhibits to be introduced. The objection to rebuttal exhibits was made by the Court on the Court's own motion and in an angry and hostile manner, leaving no doubt in the mind of the jury that the Court did not consider the rebuttal evidence proper.

This portion of the motion for a new trial is not deemed sufficient to conform to T.R.A.P. Rule 3(e).

■ It should be noted that the pictures were offered in support of testimony in rebuttal of testimony of physicians who had examined them and stated their conclusions therefrom without introducing them in evidence. There was no refusal to hear the testimony of appellants' witness in rebuttal. Since the exhibits were highly technical in nature and subject to contradictory interpretation by experts, it is extremely doubtful that a view of the exhibits would have been helpful to the jury. The ruling of the Trial Judge was within his discretionary powers. *Wilkerson v. Williams,* Tenn.App.1983, 667 S.W.2d 72; *Coates v. Thompson,* Tenn.App.1983, 666 S.W.2d 69; *Johns v. Caldwell,* Tenn.App.1980, 601 S.W.2d 37.

No reversible error is found in the exclusion of the four exhibits.

■ Appellants next complain of the exclusion of a photograph of the deceased. The only reference to this ruling in the motion for new trial is the last quoted portion of the motion which is not deemed to be sufficiently specific to preserve the issue for review on appeal. The issue is therefore considered as waived.

■ Appellants next complain of the exclusion of mortality tables. No reference to this ruling is found in the motion for a new trial. The complaint is therefore deemed waived. Moreover, in view of the verdict of the jury for the defendants, it is difficult to conceive resultant prejudice.

Appellants next complain of the exclusion of an anatomic drawing, but no reference to this ruling is found in the motion for new trial, hence the complaint must be considered as waived.

Appellants next complain of the exclusion of a chart comparing the testimony of a witness with a hospital record. This complaint does not appear in the motion for new trial, and cannot be considered. However, the Trial Judge ruled that the chart could be used in argument, although it was not, itself, admissible evidence.

Appellants next complain of: Miscellaneous Interruptions, Interjections, Comments and Sua Sponte Objections by the Court.

No specific reference to any particular conduct in this category is found in the motion for new trial except the generalized assertions previously quoted. Although some merit might be found in these complaints if properly preserved under T.R. A.P. Rule 3(e), this Court is precluded from ruling upon them by failure to properly preserve the issues.

For the reasons stated, all complaints of appellants must be rejected. The judgment of the Trial Court is affirmed at the cost of appellants. The cause is remanded to the Trial Court for such further proceedings, if any, as may be necessary and proper.

Affirmed and remanded.

LEWIS and CANTRELL, JJ., concur.