IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 1999 Session

## WILLIAM P. CRAWFORD and CAROLYN B. CRAWFORD v. GREGORY A. DODSON and KAREN D. DODSON,

**Direct Appeal from the Chancery Court for Shelby County**
**No. 98-0405-1 C. Neal Small, Chancellor**

## GREGORY A. DODSON and KAREN D. DODSON v. WILLIAM P. CRAWFORD and CAROLYN B. CRAWFORD

**Direct Appeal from the Chancery Court for Shelby County**
**No. 109937-1 C. Neal Small, Chancellor**

---

**No. W1998-00805-COA-R3-CV - Decided August 28, 2000**
**(Consolidated with No. W1998-00806-COA-R3-CV)**

This is a boundary line dispute. The defendants appeal a jury verdict finding that the boundary line was situated where the plaintiffs had maintained. The defendants assert that the trial court erred in denying their motion for judgment notwithstanding the verdict, and also appeal several other rulings by the trial court. We affirm the trial court, except to remand for modification of the trial court's award of discretionary costs to the plaintiff.

**Tenn. R. App. P. 3 Judgment of the Chancery Court is Affirmed In Part, Modified in Part, and Remanded.**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

James H. Forsythe, Memphis, Tennessee, for the appellees, William P. Crawford and Carolyn Crawford.

Larry E. Parrish, Memphis, Tennessee, for the appellants, Gregory A. Dodson and Karen D. Dodson.

**OPINION**

On August 25, 1988, Walter Norris Foster ( "Foster"), conveyed the real property now known as Foster Ridge Subdivision to the Foster Ridge Development Corporation ("Foster Ridge"). The warranty deed contained a metes and bounds description of the property. In 1990, Foster Ridge

developed the Final Plat of Foster Ridge Subdivision, Section C. Thereafter, all conveyances of lots to purchasers were made by reference to the legal description in the final plat of Section C.

Upon completion of the streets, curbs and gutters, "crow's foot" markers were cut into the curbs to designate the property lines. The crow's foot is usually cut into the curb by a surveyor and is the designation of the property line out to the curb.

After several conveyances, Lot 3 was conveyed on August 4, 1995, to Defendant/Appellants Gregory A. Dodson and Karen D. Dodson ("the Dodsons") by warranty deed. The property conveyed to the Dodsons is described as follows:

> Lot 3, Section C, Foster Ridge Subdivision, as shown on Revised plat of record in Plat Book 139, Page 17, in the Register's Office of Shelby County, Tennessee, to which plat reference is hereby made for a more particular description thereof.

On October 25, 1996, Lot 4 was conveyed to Plaintiff/Appellees William P. Crawford and Carolyn B. Crawford ("the Crawfords") by warranty deed. The property conveyed to the Crawfords is described as follows:

> Lot 4, Section C, Foster Ridge Subdivision, as shown on plat of record in Plat Book 139, Page 17, in the Register's Office of Shelby County, Tennessee, to which plat reference is hereby made for a more particular description thereof.

The recorded plat defined the location and length of property lines, the specific square footage of the individual lots and the location and length of the various easements. Lots 3 and 4 are adjoining lots fronting a cove or cul-de-sac. The lots have a common boundary, which is the subject of this controversy.

In September 1989, Memphis Light, Gas & Water (hereinafter, "MLG&W"), pursuant to its utility easement, installed a pad-mounted transformer between Lots 3 and 4. Typically, the utility easement is situated on the boundary line with five feet to either side. After MLG&W installed its transformer, other utility providers placed their utilities within the easement near the MLG&W transformer.

In February 1996, the Dodsons began construction on a house on Lot 3. Prior to construction, surveyor Charles Campbell conducted a survey of Lot 3, dated July 31, 1995, and his survey showed a crow's foot marker between Lots 3 and 4. Campbell's second survey, dated February 13, 1996, also showed the crow's foot marker. However, Campbell's final survey, conducted on October 28, 1996, did not show a crow's foot marker between Lots 3 and 4, because the Dodsons had installed a driveway along the line separating Lots 3 and 4, and had removed the section of the curb with the crow's foot marker.

2

Subsequently, in 1997, the Crawfords began construction of a house on the adjacent Lot 4. The Crawfords obtained permission from the City of Germantown to move the transformer 5 feet closer to the street. During construction, a question arose as to the proper location of the boundary line between Lots 3 and 4. Surveys commissioned by both parties did not resolve the dispute. In addition, the Dodsons objected to the placement of the Crawford house as being too close to the property line, and they argued that the location of the house required the Crawfords' driveway to be placed on the Dodsons' property.

On August 29, 1997, the Dodsons filed a complaint in the Shelby County Chancery Court seeking a declaratory judgment as to the location of the property line and to quiet title. The lawsuit named the Crawfords as defendants, as well as Enterprise National Bank, holder of the deed of trust to the Crawford property, Union Planters National Bank, holder of the deed of trust to the Dodson property, and MLG&W. Pending trial, both the Dodsons and the Crawfords were permitted access to the disputed area, and the Crawfords were permitted to continue construction of their house under certain conditions.

On May 4, 1998, the day before trial, the Dodsons filed a voluntary nonsuit of their claims. The trial court entered an order dismissing the case, and later awarded the Crawfords discretionary costs in the amount of $4,825.27. The Dodsons timely filed a notice of appeal, appealing the trial court's order awarding discretionary costs.

On May 5, 1998, one day after the Dodsons filed a notice of voluntary nonsuit in the first lawsuit, the Crawfords filed a lawsuit to quiet title and for damages. The Crawfords' complaint named the Dodsons as defendants. Thereafter, the Dodsons filed a counterclaim against the Crawfords in which they sought substantially the same relief as had been sought in the previous lawsuit. A three-day jury trial commenced on July 7, 1998. After deliberating, the jury determined that the boundary line lay where the Crawfords had maintained.

The Dodsons then filed a motion for judgment notwithstanding the verdict, or in the alternative, for a new trial. By order entered August 28, 1998, the trial court denied the motion. Thereafter, the Dodsons timely filed a notice of appeal, appealing the trial court's order denying the motion for judgment notwithstanding the verdict.

The Crawfords filed a motion in regard to the second lawsuit to assess discretionary costs against the Dodsons, under Rule 54.04 of the Tennessee Rules of Civil Procedure. The trial court awarded the Crawfords $3,000 in discretionary costs. The Dodsons then filed an amended notice of appeal, appealing the order awarding discretionary costs.

Separate records were filed in regard to each appeal, but the appeals were consolidated pursuant to Rule 16(b) of the Tennessee Rules of Appellate Procedure.

3

On appeal, the Dodsons, submit the following issues:

I.  Whether the trial court erred in denying the motion for judgment notwithstanding the verdict;

II.  Whether the trial court erred in denying the motion to dismiss the complaint for failure to join indispensable parties;

III.  Whether the trial court erred in denying the defendants' motion for a new trial on the basis of insufficient jury instructions;

IV.  Whether the trial court erred in excluding the testimony of Gregory Dodson regarding the verbal and demonstrative representations regarding the boundary line which were made by the grantor prior to the purchase by the Dodsons;

V.  Whether the trial court erred in excluding testimony of Walter Norris Foster, the common grantor, as to his intentions when granting the property to the parties' predecessors in title;

VI.  Whether the trial court erred in denying the defendants' motion for a new trial on the basis of the use of the Golden Rule argument by the plaintiffs; and

VII.  Whether the trial court erred in granting the defendants' motions for discretionary costs in regard to both causes of action.

We consider first whether the trial court erred in denying the Dodsons' motion for judgment notwithstanding the verdict.  In considering a motion for judgment notwithstanding the verdict, we must "take the strongest legitimate view of the evidence in favor of the non-moving party." *Eaton v. McLain*, 891 S.W.2d 587, 590 (Tenn. 1994).  The motion is granted only if reasonable minds could not differ on the conclusion drawn from the evidence.  *Id.*  Moreover, we must consider the standard of review of a jury's findings of fact.  The scope of review of findings of fact made by a jury is well-settled.  Rule 13(d) of the Tennessee Rules of Appellate Procedure provides: "[F]indings of fact by a jury in civil actions shall be set aside only if there is no material evidence to support the verdict." *Id.*  In *Reynolds v. Ozark Motor Lines, Inc.*, 887 S.W.2d 822 (Tenn. 1994), the Tennessee Supreme Court stated:

> The appellate courts do not determine the credibility of witnesses or weigh evidence on appeal from a jury verdict.  Appellate courts are limited to determining whether there is material evidence to support the jury's verdict.  Where the record contains material evidence supporting the verdict, the judgment based on that verdict will not be disturbed on appeal.

4

*Id.* at 823. Therefore, on appeal, we must determine whether there is material evidence to support the jury's finding of fact as to the location of the boundary line.

At trial, the Dodsons relied on the placement of the MLG&W transformer and MLG&W's practice of placing transformers directly on the boundary line between properties with a five foot easement on either side. The Crawfords relied on the recorded plat and surveys by three licensed surveyors which found the boundary line between Lots 3 and 4 to be consistent with the recorded plat.

On appeal, the Dodsons cite a number of cases, such as ***Thornburg v. Chase***, 606 S.W.2d 672 (Tenn. Ct. App. 1980) (in determining boundaries, resort is first made to natural landmarks, then to artificial monuments, then to boundary lines of adjacent property, then to courses and distances) and ***Isaacs v. Bokor***, 566 S.W.2d 532 (Tenn. 1978) (rescission of contract for sale of property warranted by mutual mistake). We find these cases inapplicable, since the issue presented on appeal is whether there is sufficient and material evidence to support the jury's finding of fact as to the location of the boundary line. After review of the record as a whole, we find there is clearly material evidence to support the jury's finding of fact. Consequently, the trial court's denial of the Dodsons' motion for judgment notwithstanding the verdict is affirmed.

The Dodsons also argue on appeal that the trial court erred in denying their motion for dismissal of the Crawfords' claims for failure to join indispensable parties. In the first lawsuit, the Dodsons named as defendants not only the Crawfords, but also Enterprise National Bank, Union Planters National Bank and MLG&W. In the second lawsuit, the Crawfords named only the Dodsons as defendants. The Dodsons contend that the banks and MLG&W were indispensable parties and that the Crawfords' claims should have been dismissed for failure to join them. The Dodsons rely upon Tennessee Code Annotated § 29-14-107, which provides:

> (a) When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings.

Tenn. Code Ann. § 29-14-107(a) (1980).

In this case, the Crawfords' complaint sought to quiet title and to declare the boundary line to be located where indicated in the recorded plat. Both banks had disclaimed any interest in the prior declaratory judgment action brought by the Dodsons, and there is no evidence in the record to the contrary. Each has a deed of trust in the respective parcels of property, whatever the dimensions, and so is unaffected by the outcome of the litigation. There is no evidence in the record indicating that MLG&W's utility easement would be affected by the outcome of the litigation. Under these circumstances, the trial court's denial of the Dodsons' motion to dismiss is affirmed.

The Dodsons next contend that the trial court erred in denying their motion for a new trial because the jury instructions failed to set forth the controlling law regarding location of boundary lines, and also failed to apprise the jury that their verdict must be based on the preponderance of the evidence. The trial court gave the following jury instruction:

> Is the true and correct property line, separating Plaintiff Crawford's lot #4 from Defendant Dodson's lot #3, the orange line as shown of Exhibit 42A, Plat of Section C, Foster Ridge Subdivision - or - is it the green line shown just above the orange line on the same Exhibit 42A?

Before giving this instruction to the jury, the trial judge discussed it with counsel for both parties:

> THE COURT: Gentlemen, I've been trying to come up with the simplest way possible to present this to the jury, and of course, both of you are asking for the same thing and that is for the jury to decide where the property line is, correct?
>
> MR. FORSYTHE: Yes, Your Honor.
>
> THE COURT: I'll need these back because I want to keep a copy, but this is the proposed question for the jury that I'll ask you to look over.
>
> MR. PARRISH: This is acceptable to the defendants, Your Honor.
>
> MR. FORSYTHE: Acceptable.

Therefore, counsel for both parties told the trial court that the jury instruction was acceptable and voiced no objection to it. Under Rule 51.02 of the Tennessee Rules of Civil Procedure, a party may object to "the content of an instruction given or to failure to give a requested instruction" but that failing to "make objection" does not prejudice the party from assigning as error the basis of the objection in a motion for new trial. *Id.* However, in *Rule v. Empire Gas Corp.*, 563 S.W.2d 551 (Tenn. 1978), the Supreme Court held that Rule 51.02 does not "relieve[] trial counsel of the burden of requesting an instruction to cover alleged omissions in the instructions as given." *Id.* at 553. It found that the trial court did not err in failing to give a particular jury instruction where the defendant had not requested that instruction. *See id.* In this case, the Dodsons not only failed to object to the jury instructions as given, but did not request the instruction that they now contend was necessary. *See* Tenn. R. App. P. 36(a). Under these circumstances, we affirm the trial court's denial of the Dodsons' motion for new trial on this basis.

The Dodsons contend that the trial court erred in not permitting Mr. Dodson to testify about his conversations with Andrew Foster, the real estate agent, relating to Andrew Foster's alleged verbal and demonstrative representations of the location of the boundary line. The Dodsons also

argue that the trial court erred in admitting into evidence the affidavit of Walker Norris Foster, stating that Foster Ridge Development Corporation intended that the boundaries of the lots be as shown on the recorded plats. The trial court has wide discretion in the admission of testimony and evidence. *See Dockery v. Bd. of Prof'l Responsibility*, 937 S.W.2d 863, 866 (Tenn. 1996); *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 442 (Tenn. 1992). We find no abuse of discretion by the trial court on these issues.

The Dodsons also contend that the trial court erred in not excluding the Crawfords' attorney's repeated references to "you" during his closing argument to the jury. The Dodsons assert that this is a "Golden Rule" argument, in which a jury is called upon to place themselves in the position of the plaintiffs, and that it is inflammatory and warrants a new trial. They cite *Roberts v. Federal Express Corp.*, No. 02A01-9502-CV-00019, 1996 WL 114489 (Tenn. Ct. App. Mar. 14, 1996), in which this Court held that the Golden Rule argument of plaintiff's counsel during closing argument warranted the trial court's declaration of a mistrial. *Id.* at *3.

After review of the closing argument made by counsel for the Crawfords, it appears that any statements containing "you" were minimal and harmless, with most being directed toward the general population and not the jurors themselves. *See Perkins v. Sadler*, 826 S.W.2d 439, 443 (Tenn. Ct. App. 1991). Indeed, counsel for the Dodsons stated that he would not seek a mistrial, but simply an instruction to counsel for the Crawfords. Under these circumstances, we affirm the trial court's decision on this issue.

Finally, the Dodsons raise the issue of the imposition of discretionary costs taxed to them in regard to both cases. In the first lawsuit, the Dodsons filed a voluntary nonsuit on May 4, 1998, the day before the trial was to have begun. On May 5, 1998, the Crawfords filed their lawsuit to quiet title; the Dodsons later filed a counterclaim in the second lawsuit. Meanwhile, on May 20, 1998, in the first (now nonsuited) lawsuit, the Crawfords filed a motion for costs, including discretionary costs, which was supported by the affidavit of their attorney. The Crawfords sought $4,825.27 in discretionary costs. On May 29, 1998, the trial court entered an order dismissing the case. On August 28, 1998, the trial court entered an order awarding the Crawfords the full amount of discretionary costs sought, $4,825.27. On September 4, 1998, the Dodsons filed a motion to reconsider, which was denied.

On August 12, 1998, the Crawfords filed a motion to assess discretionary costs against the Dodsons in regard to the second lawsuit. That motion also was supported by the affidavit of their attorney. In the second lawsuit, the Crawfords sought $3,427.99 in discretionary costs. On October 30, 1998, the trial court entered an order in the second lawsuit awarding the Crawfords $3,000 in discretionary costs against the Dodsons. Thereafter, the Dodsons filed an amended notice of appeal, appealing the order awarding discretionary costs.

As a general rule, the trial court, in its discretion, may tax costs against the litigants as well as "the equities of the case demand." Tenn. Code Ann. § 20-12-119 (1994). The trial court has

broad discretion in awarding costs, and its discretion is not disturbed on appeal in the absence of clear abuse. *See Branstetter v. Poynter*, 222 S.W.2d 214, 217-18 (Tenn. Ct. App. 1949).

Rule 54.04 of the Tennessee Rules of Civil Procedure governs the taxation of discretionary costs. It provides:

> (2) Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions or trials, and guardian ad litem fees; travel expenses are not allowable discretionary costs.

The affidavits filed in support of the motions for discretionary costs appear to include costs not recoverable under Rule 54.04(2). Rule 54.04(2) specifies that expert witness fees are recoverable only insofar as they are incurred "for depositions or trials. . . ." Tenn. R. Civ. P. 54.04(2); *see also Miles v. Voss Health Care Center*, 896 S.W.2d 773, 776 (Tenn. 1995). The affidavits, referenced in the trial court's orders, appear to include expert witness fees for inspection of the property and preparation for depositions and trial. These are not recoverable under Rule 54.04 (2). *Id.*; *see also Duncan v. DeMoss*, 880 S.W.2d 388, 389-90 (Tenn. Ct. App. 1994). Accordingly, the order awarding discretionary costs is modified to exclude costs not recoverable under Rule 54.04(2), including but not limited to expert witness fees not incurred "for depositions or trials. . . ." The cause is remanded for modification of the award of discretionary costs in accordance with this Opinion.

Therefore, the trial court's award of discretionary costs is modified as set forth in this Opinion, and this issue is remanded to the trial court for further proceedings consistent with this Opinion. The remainder of the trial court's decision is affirmed. Costs are taxed against Appellants Gregory and Karen Dodson, for which execution may issue if necessary.

**HOLLY KIRBY LILLARD, J.**