# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 20, 2003 Session

## RANDELL COOK v. FRANK HANNER, ET AL.

### Direct Appeal from the Circuit Court for Robertson County
### No. 9529     Ross H. Hicks, Judge

---

### No. M2002-01083-COA-R3-CV - Filed May 20, 2003

---

This case involves allegations of an improper verdict form and jury instructions. As Appellants failed to make timely objections concerning these issues, and failed to file a motion for a new trial based on these perceived irregularities, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS and HOLLY K. LILLARD, J.J., joined.

Dana C. McLendon, III, Franklin, Tennessee, for the appellants, Frank Hanner, Betty Hanner, B & E Motors, ABC Auto Rentals, and Webcars, Inc.

Michael W. Edwards, Hendersonville, Tennessee, for the appellee, Randell Cook.

### OPINION

Appellee purchased a truck from Appellants who are in the business of selling used autos. The vehicle at issue, a truck, was purchased by Appellant, Mr. Frank Hanner, at an auto auction at which time the vehicle had approximately 208,000 miles on the odometer. Subsequent to the purchase, Appellants replaced the instrument panel, including the speedometer. The replacement odometer read 87,707 miles, which was the mileage Appellants recorded on the title. Appellants did not check the box on the title to reflect that the mileage shown on the odometer was not the actual mileage of the vehicle.

Approximately three months after the purchase, Appellee, Randall Cook, began having problems with the truck at which time he took it to a dealer for service. The dealer performed a check on the history of the vehicle, and it was at this point that Appellee became aware of the true mileage on the vehicle. The Appellee subsequently filed suit against Appellants alleging violations of the Federal Motor Vehicle Information and Savings Act, the Tennessee Consumer Protection Act

(TCPA), and common law fraudulent misrepresentation. After a jury trial a verdict was returned for Appellee which resulted in a final judgment of $50,500.00.[1]

Appellants claim that the jury instructions, as well as the verdict form, were confusing, thus necessitating a new trial. Appellee avers that the jury instructions and the verdict form were proper. Additionally, Appellee asserts that Appellants, by failing to object to the proposed verdict form and jury instructions at the time of trial, as well as not making a timely motion for a new trial, have waived these issues on appeal. In answer to this claim, Appellants contend that this Court may entertain the appeal, despite these procedural defects. Appellants claim that they were precluded from filing a timely motion for a new trial as the transcripts from the underlying proceedings were not made available to him until after the time allowed for filing such a motion had passed.[2]

### *Issues*

The specific issues presented by Appellants are as follows:

1. Whether the trial court committed reversible error because the verdict form did not require the jury to specify whether it based the award of punitive damages upon a common law claim?

2. Whether the trial court committed reversible error by failing to instruct the jury that punitive damages could not be awarded under the Tennessee Consumer Protection Act?

3. Whether the trial court committed reversible error because the instructions contained irreconcilable explanations of the burden of proof exacerbated by careless use of the terms negligent and/or fraudulent misrepresentation, intentional misrepresentation or misrepresentation by concealment as if they were interchangeable?

4. Whether the trial court committed reversible error by flatly misstating the law with respect to election of remedies?

5. Whether the trial court committed reversible error by omitting key definitional terms, such as "intentional" and "reckless" despite those terms being used on the Verdict Form to trigger punitive damages?

---

[1] This figure represents $13,500 actual damages and $37,000 punitive damages. Appellee was also awarded $835.75 in discretionary costs.

[2] The attorney representing Appellants on appeal did not represent them at trial.

6.      Whether the evidence preponderates against the jury's award of damages for misrepresentation?

### *Errors and Omissions in Jury Instructions*

Appellants assert that the trial court erred both by omitting "key definitional terms" from the jury instructions, as well as providing the jury with various erroneous, or inaccurate, instructions. As discussed, Appellants did not make a contemporaneous objection to either the errors or inaccuracies they now ask this Court to consider, nor did they raise these issues in a timely motion for a new trial.

We discussed the effect of a parties' failure to raise a contemporaneous objection to such inaccuracies or omissions in *Grandstaff v. Hawks*, 36 S.W.3d 482 (Tenn. Ct. App. 2000), where we noted

> parties who invite or waive errors at trial will not be entitled to invoke these errors to seek relief on appeal. *See* Tenn. R. App. P. 36(a) & cmt. a. The chief exception to this rule involves jury instructions. Trial courts have the duty to give accurate jury instructions. *See Ladd v. Honda Motor Co.*, 939 S.W.2d 83, 93 (Tenn. Ct. App. 1996). Accordingly, Tenn. R. Civ. P. 51.02 provides that a party may seek a new trial because of an inaccurate instruction, even if it did not object to the instruction at trial. *See Rule v. Empire Gas Corp.*, 563 S.W.2d 551, 553 (Tenn. 1978).
>
> The issue . . . raise[d] on this appeal involves an error, as opposed to an omission, in the instructions. It [is] argue[d] that the trial court erroneously instructed the jury to include [an individual] in its allocation of fault. While [Appellant] did not object to these instructions during the trial, it took issue with them in its motion for new trial. Accordingly, it has preserved this error as required by Tenn. R. Civ. P. 51.02, and it can raise this issue on appeal.

*Grandstaff v. Hawks*, 36 S.W.3d 482, 489 (Tenn. Ct. App. 2000).

We further noted, in a footnote, that "[t]his exception applies only to erroneous instructions; it does not relieve a party of the responsibility to bring the trial court's attention to material omissions in the instructions." *Id.* at 489 n.9 (citations omitted). Accordingly, it is clear that Appellants' failure to raise a timely objection to the alleged omissions precludes our review of the issue.

Further, while Appellants' failure to raise a timely objection to the alleged inaccuracies contained in the jury instructions could have been cured by noting such objections in a timely motion for a new trial, such a motion was never presented to the trial court. "[I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in . . . jury instructions granted or refused . . . unless the same was specifically stated in a motion for a new trial." Tenn. R. App. P. 3(e). Despite this procedural omission, Appellants urge us, under Tenn. R. App. P. 2, to suspend the

clear requirements of Tenn. R. App. P. 3(e) and consider the issues raised on appeal. This we decline to do. While it is true that Tenn. R. App. P. 2 authorizes the suspension of all but Tenn. R. App. P. 4, 11 and 12, such a suspension is warranted only where there is a showing of "a good reason" for the suspension. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990); Tenn. R. App. P. 2. Here, we have not been persuaded that such a "good reason" exists.

Under Tenn. R. Civ. P. 59.02, Appellants had thirty (30) days after entry of the judgment to file a motion for a new trial. Thirty (30) days "after the date of entry of the judgment appealed from" is also the time allotted for filing an appeal to this Court. Tenn. R. App. P. 4. Appellants apparently had no problem meeting the latter deadline, and they have failed to provide us with a reason for missing the former which would warrant waiving this condition under Tenn R. App. P. 2. As we are not required to grant relief "to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error[,]" Tenn. R. App. P. 36, we decline to do so here.

### *Errors in Verdict Form*

Appellants' arguments relating to the verdict form are doomed to the same fate as those concerning the jury instructions. This Court has stated that

> [c]ounsel should object promptly to a proposed verdict form. If possible, they should object to the form before its submission to the jury. However, if unaware of the form's substance, they should object before the jury returns its verdict. Failure to make a timely objection to a verdict form constitutes a waiver of the objection.

*Keith v. Murfreesboro Livestock Mkt., Inc.*, 780 S.W.2d 751, 759 (Tenn. Ct. App. 1989) (internal citations omitted).

Accordingly, by failing to make a timely objection, Appellants failed to preserve these errors for appellate review.

### *Propriety of Award of Damages for Misrepresentation*

Appellants urge us to consider "whether the evidence preponderates against the jury's award of damages for misrepresentation." However, in their brief, Appellants assert that "it seems the jury misunderstood the instructions or misapplied the instructions. The verdict form on the issue of damages for common law misrepresentation is the result of inconsistent or defective instructions; as such, it is highly suspect and should be vacated and remanded for a new trial." From this statement we conclude that this issue is, in reality, merely another allegation of an erroneous jury instruction and verdict form. Accordingly, Appellants have waived this issue on appeal by failing to file a timely motion for a new trial.

### *Frivolous Appeal*

Appellee urges us to consider this a frivolous appeal under Tenn. Code Ann. § 27-1-122 and award him attorney's fees and costs as a result. After much deliberation, we respectfully decline to label this a frivolous appeal.

### *Conclusion*

For the foregoing reasons we affirm the judgment of the trial court. The costs of this appeal are taxed to the Appellants and their surety, for which execution, if necessary, may issue.

 

 

 

 

_____
DAVID R. FARMER, JUDGE