**2**

**J.D. OVERTON, Plaintiff–Appellant,**

v.

**William DAVIS, Defendant–Appellee.**

Court of Appeals of Tennessee,
Western Section, at Knoxville.

April 7, 1987.

Application for Permission to Appeal
Denied Sept. 14, 1987.

Pat Rice Fritts, Rockwood, for plaintiff-appellant.

Shannon D. Faulkner, III, Knoxville, for defendant-appellee.

CRAWFORD, Judge.

Plaintiff, J.D. Overton, appeals from the judgment of the trial court on a jury verdict for the defendant William Davis.

Plaintiff sued defendant for injuries allegedly sustained while plaintiff was a passenger in defendant's fishing boat. They had been fishing together and were preparing to land the boat. As they approached a wall along a bank, defendant cut the engine, and the boat drifted in. Plaintiff was in the bow of the boat and when the boat veered toward a dock structure, plaintiff caught the structure in order to stop the boat from floating under it. After the boat stopped it shifted or in some manner moved with the waves causing the plaintiff to fall overboard and injure his shoulder. Plaintiff contended that defendant was negligent in approaching the landing without his engine running and that this negligence proximately caused plaintiff's injuries. Defendant denied that he was negligent, but testified that he usually left the motor running as he approached the landing.

At the conclusion of the trial the jury returned a verdict for the defendant. The transcript before us contains only the testimony of plaintiff and the testimony of defendant, as they were the only witnesses testifying about the facts. We do not have the benefit of the court's instructions to the jury, and must assume that the charge to the jury was accurate and complete. Plaintiff filed a motion for a new trial in which he specified several areas of testimony which he contends the jury disregarded in reaching its verdict. In effect his ground for the motion for new trial is that the weight of the evidence is against the verdict of the jury.

We quote the issue presented for review by plaintiff from his brief:

Should the trial court have granted a new trial because the jury verdict was inconsistent with the weight of the evidence and the law of the case?

When a motion for a new trial asserts that the verdict is contrary to the weight of the evidence, it is the duty of the trial judge to weigh the evidence and determine whether it preponderates against the

verdict, and if so to grant a new trial. *James E. Strates Shows, Inc. v. Jakobik,* 554 S.W.2d 613 (Tenn.1977).

In *Strates,* Justice Fones defined the duty of the trial judge as the thirteenth juror:

> In performing his duty as thirteenth juror, the trial judge is not bound to give any reasons for his action, anymore than the jury is bound to do so. But, in passing on a motion for a new trial, if it appears from reasons assigned or statements made, that the trial judge was not satisfied with the verdict, it is the duty of the appellate courts to grant a new trial. *Telephone and Telegraph Company v. Smithwick,* 112 Tenn. 463, 79 S.W. 803 (1903).

*Id.* at 615.

There is nothing in the record before us to indicate in any manner that the trial judge did not perform his duties as the thirteenth juror nor is there anything to indicate that he was not satisfied with the verdict. Therefore, we find that the trial judge properly performed his duty as the thirteenth juror and approved the verdict.

In reviewing a judgment based upon a jury verdict the appellate courts are not at liberty to weigh the evidence or to decide where the preponderance lies, but are limited to determining whether there is material evidence to support the verdict; and in determining whether there is material evidence to support the verdict, the appellate court is required to take the strongest legitimate view of all the evidence in favor of the verdict, to assume the truth of all that tends to support it, allowing all reasonable inferences to sustain the verdict, and to discard all to the contrary. Having thus examined the record, if there be any material evidence to support the verdict, it must be affirmed; if it were otherwise, the parties would be deprived of their constitutional right to trial by jury. *Crabtree Masonry Co. v. C & R Const., Inc.,* 575 S.W.2d 4 (Tenn.1978). There is evidence in the record from which the jury could have found this was an unavoidable accident and there was no proximate negligence on the part of the defendant. From our review of the record there is material evidence to support the verdict of the jury.

Accordingly, the judgment of the trial court is affirmed and costs are assessed against the appellant.

TOMLIN, P.J. (W.S.), and FARMER, J., concurs.