IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

_____

| | |
|---|---|
| **ALBERT MILAM, JR., A Minor,** | FROM THE SHELBY COUNTY |
| **by Mother and Next Friend TINA** | CIRCUIT COURT, THE |
| **L. MILAM, and TINA L. MILAM,** | HONORABLE KAY S. ROBILIO, |
| **Individually,** | JUDGE |

Plaintiff-Appellant,

Vs.

**FRANKLIN D. WILSON,**

Defendant-Appellee.

*AFFIRMED*
Shelby Circuit No. 50240 T.D.
C.A. No. 02A01-9607-CV-00167

Tina L. Milam of Memphis
For Appellant

Ed M. Hurley of Memphis
For Appellee

FILED

**June 20, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

MEMORANDUM OPINION[1]

_____

*CRAWFORD, J.*

This appeal involves an action to recover damages for personal injuries allegedly sustained in an automobile accident. The plaintiffs, Albert Milam Jr., a minor, by his mother and next friend Tina L. Milam, and Tina L. Milam, individually (the Milams), appeal from the judgment of the trial court on a jury verdict for the defendant, Franklin D. Wilson (Wilson).

The amended complaint avers that on March 26, 1992, six-year-old Albert Milam was riding as a passenger in an automobile driven by his mother, Tina Milam, when the Milams' automobile was struck from behind by an automobile driven by Arthur L. Adams (Adams).[2] Adams's automobile had in turn been struck by an automobile driven by Wilson. The complaint alleges that the defendants were guilty of various acts of negligence under the common law and were guilty of negligence per se by violating various city ordinances and state statutes. The complaint avers that the defendants' negligence directly and proximately caused the collision and the resulting losses, injuries, and damages to the plaintiffs. Wilson's answer admits the accident,

_____

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2]Adams was initially a defendant but was later voluntarily dismissed.

but denies the material allegations of the complaint and joins issue thereon. Wilson's answer also avers that the accident was directly and proximately caused by the negligence of Adams.

After a trial in which the Milams were represented by counsel, the jury returned a verdict in Wilson's favor. The trial court entered a judgment on the jury verdict on February 12, 1996. On February 20, 1996, counsel for the Milams filed a motion for a new trial, asserting the following grounds: (1) the weight of the evidence is contrary to a finding of the defendant as not guilty; (2) the verdict is contrary to the weight of the evidence as to liability and damages; and (3) the great weight and preponderance of the evidence are in favor of the plaintiffs as to the liability of the defendant and damages. The trial court denied the Milams' motion for a new trial, and the Milams, now acting *pro se*, have perfected this appeal. The issues for review, as stated in the Milams' brief, are:

> 1. Was Defendant, Frank D. Wilson, hereinafter called Wilson or Defendant, guilty of violating traffic regulations, reckless operation, negligence and violating Plaintiffs' rights in general when he collided his vehicle, known as vehicle #1, into another vehicle, known as vehicle #2, operated by Arthur L. Adams, hereinafter called Adams, causing Adams' vehicle #2 to collide into Appellants' vehicle, known as vehicle #3, causing Appellants severe physical and body injuries? Were Appellants due compensation for injuries, hospital bills and other monetary losses due to the negligence of Defendant? Was verdict fair although jurors fell asleep during trial?

We perceive the issues to be:

> 1. Whether there is material evidence to support the jury's verdict.

> 2. Whether the Milams received a fair trial when some of the jurors fell asleep during the trial.

We will consider the second issue first.

The Milams contend that they did not receive a fair trial because some of the members of the jury fell asleep during the trial. T.R.A.P. 3(e) provides in pertinent part:

> [I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

2

T.R.A.P. 3(e). The Milams did not raise this issue in their motion for a new trial, and their failure to do so constitutes a waiver of the issue on appeal. ***Hartsell v. Fort Sanders Reg'l Med. Ctr.***, 905 S.W.2d 944, 950 (Tenn. App. 1995). This issue is without merit.

As to the Milams' first issue, we will construe their motion for a new trial that asserts the verdict was contrary to the weight of the evidence to include the assertion that there is no material evidence to support the verdict.

In reviewing a judgment based upon a jury verdict the appellate courts are not at liberty to weigh the evidence or to decide where the preponderance lies, but are limited to determining whether there is material evidence to support the verdict. ***Overton v. Davis***, 739 S.W.2d 2, 2-3 (Tenn. App. 1987)*.* In determining whether there is material evidence to support the verdict, the appellate court is required to take the strongest legitimate view of all the evidence in favor of the verdict, to assume the truth of all that tends to support it, allowing all reasonable inferences to sustain the verdict, and to discard all to the contrary. Having thus examined the record, if there is any material evidence to support the verdict, it must be affirmed. ***Id.*** (citing ***Crabtree Masonry Co. v. C & R Constr., Inc.***, 575 S.W.2d 4, 5 (Tenn. 1978)).

The record does not contain a transcript or statement of the evidence. In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee. ***Leek v. Powell***, 884 S.W.2d 118, 121 (Tenn. App. 1994) (citing ***Lyon v. Lyon***, 765 S.W.2d 759, 763 (Tenn. App. 1988)). This issue is also without merit.

Accordingly, the judgment of the trial court is affirmed. Costs are assessed against the appellants.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**


_____
**ALAN E. HIGHERS, JUDGE**


_____
**DAVID R. FARMER, JUDGE**