William BRADEN, Plaintiff–Appellant,

v.

R. Wayne VARNELL, Defendant–
Appellee.

Court of Appeals of Tennessee,
Eastern Section.

March 4, 1991.

Application for Permission to Appeal
Denied by Supreme Court June 10, 1991.

David A. Stuart, Clinton, for plaintiff-appellant.

Michael E. Callaway, Cleveland, for defendant-appellee.

## OPINION

GODDARD, Judge.

William Braden appeals a judgment entered pursuant to a jury verdict dismissing his suit against R. Wayne Varnell. His suit sought damages for personal injuries received in a vehicular accident. By his issues on appeal he makes three complaints:

(1) The Trial Judge failed to charge the jury as requested in two particulars.

(2) The Court improperly excluded certain evidence.

(3) The Court improperly instructed the jury regarding the theory of sudden emergency.

The facts taken in the light most favorable to Mr. Braden disclose the following. On July 13, 1988, about 4:30 p.m., Mr. Varnell was driving his automobile in a northerly direction in the left lane of Interstate 75, a four-lane highway. The road leading to the scene of the accident is downhill. At the time of the accident, because of work being done on a bridge at the foot of a hill, traffic in the right lane was required to merge into the left lane. Mr. Braden's tractor-trailer rig was traveling north in the right lane some

distance ahead of Mr. Varnell's automobile. It was raining hard at the time and the roadway was wet. Just before the accident a third vehicle suddenly and without warning cut from the right lane to the left lane directly in front of Mr. Varnell. Mr. Varnell steered to the right and applied his brakes but his vehicle hydroplaned and he was unable to stop before striking the right rear of the tractor-trailer being operated by Mr. Braden.

■ The first issue raised by Mr. Braden complains that the Trial Court failed to give the concurrent negligence charge which he requested, as set out in Section 3.31 of the Tennessee Pattern Jury Instructions—Civil as follows:

### CONCURRENT CAUSES

A single injury can be caused by the negligent acts or omissions of more than one person. If the conduct of two or more individuals combines to cause an injury, and if the causes of damage are effectively inseparable in the result, each person is responsible individually and jointly for having contributed concurrently to the results and harm. Causes are considered to be concurrent if the forces set in motion by each cause are still operative at the moment of injury and if the causes combined indivisibly to produce the result.

It is no defense that an individual who might be concurrently liable for plaintiff's injury has not been joined as a party to this action.

While it is true the Trial Judge did not charge the foregoing, he did charge the jury that if Mr. Varnell was guilty of negligence proximately causing the accident and the resulting injuries to Mr. Braden, Mr. Varnell would be liable.

We think the charge given was sufficient to apprise the jury it could find Mr. Varnell liable if he were guilty of any negligence, even if the driver of the third vehicle was guilty of equal or even greater negligence.

■ The second request was taken from the comments under Section 5.01 of the Pattern Jury Instructions—Civil, and is as follows:

"A driver is charged with the duty to see that which under the facts and circumstances he should have seen by the proper use of his senses, and if you find that defendant did not observe that which was there to be seen you may find that he was negligent in failing to look or in not looking carefully."

The Trial Court charged the jury as follows:

A driver of a motor vehicle has the duty to keep a proper lookout and watch where he is driving even though he is rightfully on the highway and has the right of way. He is bound to take notice of the road, to observe conditions along the way, and to know what is in front of him for a reasonable distance. He must not only look straight ahead but laterally to discover whether there is danger of collision with the side of his car. The driver of a motor vehicle is required to keep only such a lookout ahead and exercise such care as an ordinary, prudent person would have kept under the same or similar circumstances.

It is the duty of the driver of an automobile to operate his automobile at such speed and under such control as to be able to stop his car in order to avoid colliding with an obstruction moving or stationary that might loom or confront him on the highway; and if the driver fails to employ proper speed or keep lookout ahead or keep his car under the control necessary to prevent a collision with such obstruction, then such driver would be guilty of negligence.

It is a rule of law that the operator of a motor vehicle must exercise ordinary care, that is, that degree of care which an ordinary, prudent person would exercise under similar circumstances. In the exercise of such duty, it is incumbent upon the operator of a motor vehicle to keep the vehicle under control and to keep a reasonable, careful lookout so as to avoid collision with persons and property and obstructions upon the highway.

As was said as to the first issue, we think this charge was sufficient to apprise the jury that it was the duty of operators of vehicles

on the roadway to observe anything on the roadway or in its vicinity capable of being seen by a reasonably prudent person.

■ Apropos of the third issue, counsel for Mr. Braden sought to show that the passenger in Mr. Varnell's car, a United Methodist minister and District Superintendent for the Cleveland District, had settled his claim against Mr. Braden. The testimony was offered for the limited purpose of showing bias on the part of the witness and counsel advised the Court that it should instruct the jury accordingly. The Court held that the prejudicial effect of the testimony far outweighed its probative value and, as already noted, excluded the testimony as authorized under Rule 403 of the Tennessee Rules of Evidence.

An offer of proof was made at the conclusion of the trial which disclosed the following:

### ROBERT WALKER

after resuming the stand, testified as follows:

*CROSS EXAMINATION BY MR. STUART:*

Q. Dr. Walker, you understand that you're still under oath.

A. Yes, sir.

Q. Okay. Dr. Walker, I need to do an offer of proof through you so we can determine whether later, if necessary, whether the jury should have heard this.

Dr. Walker, you had your medical expenses paid by or on behalf of Mr. Varnell, didn't you?

A. My medical expenses were partially paid by workman's compensation because we were on the church bill.

Q. Okay. Did Mr. Varnell not contribute to that any?

A. Yes, sir. They contributed some.

Q. Okay. And, in fact, more than just your medical expenses were paid; you got some money in excess of that amount. Is that not correct?

A. I don't know how you determine that really—

Q. Well, do you know what your medical bills added up to?

A. —because I am still under medical care.

Q. Okay. You got at least more than the amount that they had added up to as of the date of your settlement; is that true?

A. I really can't say that. I don't have those figures before me.

Q. Well, you remember when you and I talked on the phone last week?

A. Yes, sir.

Q. I understood you to tell me at that time that you had had your medical expenses paid and some additional money was paid by Mr. Varnell; is that correct?

A. Some was, yes, sir, but I'm still— that is to take care of expenses that I've still got to incur.

The trial judge is accorded wide discretion in the acceptance or rejection of testimony and his action in regard thereto will not be disturbed absent an abuse of discretion. *Guess v. Maury,* 726 S.W.2d 906 (Tenn.App. 1986); *Austin v. City of Memphis,* 684 S.W.2d 624 (Tenn.App.1984); *General Motors Corp. v. Dodson,* 47 Tenn.App. 438, 338 S.W.2d 655 (1960). We conclude that no abuse of discretion has been shown in this case.

Moreover, we are of the further opinion that even if the Court were in error as to the special requests denied and the exclusion of the evidence regarding settlement, it was harmless error in that we cannot find the exclusion of the evidence "more probably than not affected the judgment." Rule 36, Tennessee Rules of Appellate Procedure.

■ As to the last issue, counsel for Mr. Braden insists that sudden emergency is an affirmative defense and Rule 8.03 of the Tennessee Rules of Civil Procedure requires that it be specifically pleaded. Counsel concedes there is a split of authority in other jurisdictions regarding the question.[1] We are inclined to believe that the doctrine is not an affirmative defense because the defenses

---

**1.** There is authority to the contrary. *See., e.g., Speiser, Krause & Gans, The American Law of Torts,* § 5:4 Vol. 1 at 787) (LCP/BW 1983).

Iowa, Kansas, Wyoming, and the Court of Appeals for the District of Columbia have held the defense is not affirmative and need not be plead-

enumerated in the Rule[2] seek to avoid liability even though a party might otherwise be liable. Under the sudden emergency doctrine a party is guilty of no negligence because of the emergency, and thus there is nothing to avoid.

It is not necessary, however, that we resolve this question because we are of the opinion this theory was tried either by the express or implied consent of the parties as contemplated under Rule 15.02 Tennessee Rules of Civil Procedure.

For the foregoing reasons the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Mr. Braden and his surety.

SANDERS, P.J. (E.S.), and McMURRAY, J., concur.

ed. *Humphrey v. Happy,* 169 N.W.2d 565 (Iowa, 1969); *Herrington v. Pechin,* 198 Kan. 431, 424 P.2d 624 at 627 (1967); *Sannes v. Olds,* 458 P.2d 729 (Wyo.1969; *Blackwell v. Regal Cab Co.,* 114 U.S.App.D.C. 397, 316 F.2d 398 at 399 (1963). In contrast, the rule in Oklahoma is that sudden emergency must be affirmatively alleged. *Note,* "Pleading Unavoidable Accident, Act of God, Sudden Emergency," 9 *Okla.L.Rev.,* 211 (1956). The author of this brief admits that no Tennessee authority directly on point has been located.

2. 8.03. *Affirmative Defenses.*—In pleading to a preceding pleading, a party shall set forth affirmatively facts in short and plain terms relied upon to constitute accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, if justice so requires, shall treat the pleading as if there had been a proper designation.