**Karen L. WHITAKER, individually and as next friend of Joseph Blue, Plaintiff/Appellant,**

v.

**James Robert HARMON, Defendant/Appellee.**

Court of Appeals of Tennessee, Eastern Section.

March 4, 1994.

Permission to Appeal Denied by Supreme Court June 13, 1994.

James W. Bell, Knoxville, for plaintiff/appellant.

Robert A. Crawford, Knoxville, for defendant/appellee.

## OPINION

McMURRAY, Judge.

This action was instituted in the Circuit Court for Knox County to recover damages for injuries alleged to have been suffered as a result of an automobile accident. The case was tried before a jury, a verdict was rendered and a judgment entered thereon in favor of the defendant. The appellant filed a motion for new trial. The motion was overruled. This appeal resulted. We affirm the judgment of the trial court.

The appellant presents the following issues for our consideration:

1. Did the court err in failing to sustain plaintiff's motion for a directed verdict on the issue of negligence at the end of all the proof?

2. The court erred in refusing to set aside the verdict, there being no material evidence to support it and further erred as thirteenth juror in approving the verdict of the jury.

3. Did the court err in charging the jury, the "wet street doctrine" in the absence of any pleading of an affirmative defense and in the absence of any proof that the defendant skidded solely because of a wet or slippery street?

4. Did the court err in failing to instruct the jury that the defendant had the burden of proof as to any affirmative defense such as sudden emergency or unavoidable accident?

5. The court erred when it charged the jury that the plaintiffs were under a duty to exercise ordinary and reasonable care when the court should have charged the jury that there was no evidence on which the jury could find the plaintiffs guilty of any wrongdoing, there having been no allegation and no proof that the plaintiffs were in any way at fault for the happening of the accident.

We will consider the first two issues together since both are subject to the same standard of review except as to the matter of the trial judge acting as the thirteenth juror. Under Rule 13(d), Tennessee Rules of Appellate Procedure, our review in civil actions tried before a jury is limited to a determination of whether there is any material evidence to support the verdict. In ruling on a motion for directed verdict, trial and appellate courts take the strongest legitimate view of the evidence in favor of the opponent of the motion, allow all reasonable inferences in his or her favor, discard all countervailing evidence, and deny the motion where there is any doubt as to the conclusions to be drawn from the whole evidence. A verdict should not be directed during, or after, trial except where a reasonable mind could draw but one conclusion. *Holmes v. Wilson,* 551 S.W.2d 682, 685 (Tenn.1977). *Accord, Gann v. International Harvester Co. of Canada, Ltd.,* 712 S.W.2d 100, 105 (Tenn.1986).

The appellant was traveling in a southerly direction on Cecil Johnson Road and approaching a sharp curve to her left. The defendant was traveling on the same road in the opposite direction and was approaching a sharp curve to his right. It had been raining and the roads were wet. At or near the point where the collision occurred Jackson Road intersects Cecil Johnson Road. As appellee approached Jackson Road, the appellee claims a third vehicle came from Jackson Road onto Cecil Johnson Road. He applied his brakes, or in appellant's terms "slammed" on his brakes and began skidding and collided with the appellant in her lane of traffic as a result of the skid.

In this case, there is no question but that the collision between the two vehicles occurred in the appellant's lane of travel. The determinative question as to the first two issues is whether or not there is any material evidence from which the jury could have determined that the defendant was free of any negligence which was a proximate cause of the accident. There is no contention or evidence that the plaintiff was negligent.

The defendant testified that he had been over that road before but not when it was raining and "kind of dark." He had his lights and wipers on. He testified as follows:

Q. As you got in this area right here, what happened?

A. A car came in my direction either from Cecil Johnson on the other branch of it or—

Q. Through here (indicating)?

A. Yes. And it's a very narrow street, and it came out, and it looked like it might have to come over into my lane.

Q. All right, Sir.

A. I got over as far to the right as I could without going over the side because there is no shoulder there. It's a drop off.

\*    \*    \*    \*    \*    \*

Q. Did you avoid the other car?

A. Yes, I did.

Q. Then what happened?

A. Well, as soon as it got by and I looked up, I was headed straight for Ms. Whitaker's car.

Q. About how fast were you going as you came down through there.

A. I would judge it about twenty miles an hour.

Q. What's the speed limit out there?

A. It's not posted. So it would be thirty miles an hour.

\*    \*    \*    \*    \*    \*

Q. Which side of the road were you on when you put your brakes on?

A. I was in my lane when I put the brakes on.

Q. All right. When you put your brakes on, what happened?

A. I slid into her car. My left front hit her left front.

\*    \*    \*    \*    \*    \*

Q. ... You had been along that road. You were familiar with it, weren't you, when you say a couple of times?

A. Not that familiar, no.

Q. But you had been along the road?

A. Well, I knew it was crooked and curvy.

Q. And you knew there was a curve there?

A. No, I didn't know—I didn't remember a curve there.

Neither the appellant nor her minor son, a passenger in her car at the time of the accident, were able to shed any additional light on how the accident happened. No other witnesses testified concerning the way and manner the accident happened.

■ We are of the opinion that there was sufficient evidence to allow the question of liability to be decided by the jury. It is a well-settled principle of law that negligence cannot be implied simply from skidding. *Shepherd, b/n/f v. Ball*, 47 Tenn.App. 189, 337 S.W.2d 243 (1959), is a strikingly similar situation. There the court said:

It is shown that the highway was wet but there is no proof from which an inference might be drawn that defendant knew or should have known that, in coming around the curve, he would encounter a slick spot which would require more care and a reduction in speed. The basis of liability is thus reduced to the mere fact that the car skidded.

*Shepherd*, supra, 337 S.W.2d at page 244.

If the jury accepted the testimony of the plaintiff as to the way and manner in which the accident happened, they are not at liberty to infer negligence from the mere fact that the defendant's car skidded.

In the absence of antecedent negligence or negligence in the operation of the car after it has skidded, liability of the host driver to a guest passenger can not be predicated solely on skidding on a wet or slippery road. *Hatch v. Brinkley*, 169 Tenn. 17, 80 S.W.2d 838 [1935]; 5A Am. Jur. 545, Automobiles and Highway Traffic, Section 501; Annotation 113 A.L.R. 1037.

*Shepherd*, supra, 337 S.W.2d at page 244.

This rule is surely as applicable under the circumstances of this case as in *Shepherd*.

We find no error in the trial judge's failure to direct a verdict in favor of the plaintiff. Likewise, we find no error in failing to set aside the verdict.

■ In ruling on a motion for a new trial on the ground that the verdict is contrary to the weight and preponderance of the evidence, the trial judge acts as a thirteenth juror to weigh the evidence and determine whether the evidence preponderates against the verdict. If after weighing the evidence the trial judge determines that the verdict is against the preponderance of the evidence, it is his duty to grant a new trial. *Overton v. Davis*, 739 S.W.2d 2 (Tenn.App.1987); *James E. Strates Shows, Inc., v. Jakobik*, 554 S.W.2d 613, 615 (Tenn.1977). In this case, the court overruled the motion for a new trial apparently without comment. We do not find a transcript of the hearing on the motion in the record. The trial judge simply recited in his order overruling the motion for a new trial that "having heard the arguments of counsel; and the court being of the opinion that the plaintiffs' motion is not well taken; It is, therefore, ORDERED that the plaintiffs' Motion for a New Trial be and hereby is denied."

For the purpose of appellate review, the appellate courts have likened the role the trial court plays when reviewing the weight of the evidence in response to a motion for a new trial to that of the 'thirteenth juror.' The concept that the trial judge is acting as a thirteenth juror when he is considering the evidence in response to a motion for a new trial is now a part of our law, and the trial judge's actions, for which he is not required to give any rea-

sons, are not subject to reversal except upon a showing that he abused his discretion or misconceived his duties as thirteenth juror. *Holden v. Rannick,* 682 S.W.2d 903, 904–05 (Tenn.1984); *James E. Strates Shows, Inc. v. Jakobik,* 554 S.W.2d 613, 615 (Tenn.1977); *Young v. Reliance Electric Co.,* 584 S.W.2d 663, 669 (Tenn. App.1979); and *Kaiser v. Cannon,* 529 S.W.[2d] 235 (Tenn.App.1975).

*See* concurring opinion of Judge Koch in *St. John v. Garrett,* an unpublished opinion of this court by Judge Todd, opinion filed August 23, 1985.

There is no showing that the trial judge abused his discretion in doing his duty as thirteenth juror. We find no merit in the assertion that the trial judge so erred.

■ We next address the contention that the trial court erred in charging the "wet street doctrine" in the absence of any pleading of an affirmative defense. We are unaware of any "wet street doctrine" or any other similar affirmative defense however designated. A wet or slick street is simply a circumstance to be taken into consideration on the issue of negligence under a proper instruction from the court. In this case, the court instructed the jury as follows:

> I instruct you that it's the duty of every driver of a motor vehicle to operate that vehicle with reasonable care having regard to the actual and potential dangers existing from the weather, the nature of the roadway, the traffic upon the roadway, and other conditions which a reasonably prudent driver would expect to incur or encounter upon the roadway.

> Every driver is under a duty to maintain a reasonably safe rate of speed, to have his or her vehicle under reasonable control, and to keep a proper lookout under the circumstances then existing, and to see and be aware of what was in his or her view, and to use reasonable care to avoid an accident. A violation of any of these duties would be negligence or would constitute negligence.

A driver has a duty to keep a proper lookout and to operate his or her vehicle at such speed and under such control so as to be able to stop or steer that vehicle to avoid colliding with an obstruction, which is either moving or stationary, which the driver in the exercise of ordinary or reasonable care should reasonably anticipate from the surrounding circumstances might confront him or her upon the roadway. And if the driver fails to employ proper speed or fails to keep a proper lookout or keep the vehicle under proper and reasonable control necessary to prevent such a collision with such an obstruction which should be reasonably anticipated by a reasonably prudent driver, then such driver is guilty of negligence.

> The driver of an automobile has a duty to exercise reasonable care to observe *slippery road conditions that may exist on the highway, and a driver must exercise reasonable care to avoid losing control of his vehicle when slippery conditions are encountered. If a driver exercises reasonable care before encountering slippery conditions, which causes him to slide or skid, and he exercises reasonable care to control and operate his vehicle after it begins to skid or slide, he is not guilty of negligence merely because the vehicle skids or slides out of control.* (Emphasis added).

■ We do not perceive the charge as given to be erroneous but in keeping with the teachings of *Shepherd,* supra. Circumstances that a road is either wet or slippery is not an affirmative defense which must be affirmatively pleaded, but as above stated is merely another circumstance to be taken into consideration in determining whether or not a party is guilty of negligence. We find no merit in appellant's third issue.

■ Appellant next complains that the trial court erred in failing to instruct the jury regarding the burden of proof relating to affirmative defenses such as sudden emergency or unavoidable accident. The appellee in his answer to the appellant's complaint contained no affirmative defense but simply

denied that the accident was caused by any act or omission of the defendant. Since there was no reliance on an affirmative defense, the trial court had no cause to instruct as to the burden of proof relating thereto.

An "unavoidable accident" has been defined by our courts as follows:

An unavoidable or inevitable accident is such an occurrence or happening as, under all attendant circumstances and conditions, could not have been foreseen or anticipated in the exercise of ordinary care as the proximate cause of injury by any of the parties concerned. In other words, where there is no evidence that the operator of the motor vehicle was negligent in any way, or that he could have anticipated the resulting accident, the accident is deemed to have been an unavoidable or inevitable one for which no recovery may be had.

7A Am.Jur.2d Automobiles and Highway Traffic § 397, pp. 607–08; see also Black's Law Dictionary 1693 (Rev. 4th ed. 1968).

■ We are aware that there are cases which recite that "unavoidable accident" is an affirmative defense. *See i.e., Nelson v. Simpson*, 826 S.W.2d 483 (Tenn.App.1991). Such assertions, however, are mere dicta. For example, in *Nelson*, the court simply recited that an answer filed on behalf of the defendant asserted "the affirmative defenses of unavoidable accident and contributory negligence." We are further aware that it is not uncommon for trial judges to give an "unavoidable accident" charge. We believe, however, that since "unavoidable accident" in its simplest terms is nothing more than a lack of negligence on the part of any party which is a proximate cause of the accident or damage, an adequate instruction on negligence alone is sufficient and an "unavoidable accident" charge is unnecessary except in, perhaps, the most unusual circumstance. We believe the better view is stated in *Braden v. Varnell*, 871 S.W.2d 690 (1991), (Permission to appeal denied June 10, 1991):

As to the last issue, counsel for Mr. Braden insists that sudden emergency is an affirmative defense and Rule 8.03 of the Tennessee Rules of Civil Procedure requires that it be specifically pleaded. Counsel concedes there is a split of authority in other jurisdictions regarding the question. We are inclined to believe that the doctrine is not an affirmative defense because the defenses enumerated in the Rule seek to avoid liability even though a party might otherwise be liable. Under the sudden emergency doctrine a party is guilty of no negligence because of the emergency, and thus there is nothing to avoid.

This reasoning applies equally to the so-called "unavoidable accident doctrine." Thus, in accord with *Braden*, supra, we hold that the defenses of "sudden emergency" and "unavoidable accident" are not affirmative defenses, therefore, there was no cause for the trial judge to charge regarding the burden of proof in relation thereto.

■ The last issue raised by the appellant complains of the trial judge's charge relating to the duty of all drivers to use due care when operating their vehicles. We note that this ground is not directly presented in the motion for a new trial. In the motion for a new trial, the appellant complains that the trial judge failed to charge on comparative negligence.

The charge of which the appellant complains is as follows:

So in conclusion, it was the duty of both drivers, of course, to exercise ordinary and reasonable care to obey the law. Any driver who failed to do so was guilty of negligence, and it's for you to say if there was negligence on the part of the defendant in this case, and if so, whether his negligence was a proximate cause of the accident and any alleged injuries and damages that plaintiff claims to have suffered.

Firstly, we point out that the charge as given is not an incorrect statement of the law, nor can we discern how the plaintiff could have been prejudiced thereby. In any event, even if the charge should not have been given, it is of no significance to the

outcome of this case. The jury in its verdict specifically found that the defendant was not guilty of proximate negligence. After the verdict was reported in favor of the defendant, the trial court posed the following question to the jury:

Now, let me ask you this question: Does this verdict that you have announced, then, mean that you either find that Mr. Higgins (sic) was not negligent or that any negligence on his part was not a proximate cause of the accident and injury or loss of damage to plaintiff? If that is what you have found, indicate by raising your right hand each one of you.

Everybody has found—you all agree that the defendant is not negligent? Everybody who agrees that the defendant was not negligent, raise your right hand. All right. Let the record indicate that all hands were raised.

In view of the finding of no negligence on the part of the defendant, it matters little whether or not the plaintiff was or was not guilty of any degree of negligence. We find no merit in the appellant's last issue.

The judgment of the trial court is affirmed. Costs are assessed to the appellant and this case is remanded to the trial court.

GODDARD, P.J. (E.S.), and FRANKS, J., concur.