IN THE COURT OF APPEALS OF TENNESSEE

FILED

October 20, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| DIANE F. DECKER and GEORGE H. DECKER, | ) C/A NO. 03A01-9704-CV-00143 |
| Plaintiffs-Appellants, | ) |
| v. | ) APPEAL AS OF RIGHT FROM THE ) KNOX COUNTY CIRCUIT COURT |
| SUSAN E. OROSZ and ERIC J. BERGMAN, | ) |
| Defendants-Appellees. | ) HONORABLE DALE C. WORKMAN, ) JUDGE |

For Appellants

W. MORRIS KIZER
Gentry, Tipton, Kizer & McLemore
Knoxville, Tennessee

For Appellees

KEITH F. BLUE
Jenkins & Jenkins
Knoxville, Tennessee

O P I N I O N

VACATED AND REMANDED                                    Susano, J.

In its present posture, this is a negligence action by the original plaintiffs seeking damages allegedly arising out of a two-vehicle accident at the intersection of Cumberland Avenue and Stadium Drive in Knoxville. The jury returned a verdict in favor of the defendants, Susan E. Orosz and her husband, Eric Bergman. The plaintiffs, Diane F. Decker and her husband, George H. Decker, appealed, raising the following issues:

> 1. Did the trial court err in denying the Deckers' motion for directed verdict on the issue of Ms. Orosz' liability?
>
> 2. Did the trial court err in denying the Deckers' motion to set aside the judgment and to have judgment entered in accordance with their motion for directed verdict?
>
> 3. Did the trial court err in denying the Deckers' motion for new trial?
>
> 4. Is there any material evidence to support the special verdict of the jury that Ms. Orosz was not negligent?

For ease of reference, the two drivers involved in the accident, Ms. Decker and Ms. Orosz, will be referred to, respectively, as "the plaintiff" and "the defendant."

The accident occurred shortly before 9:00 a.m. on March 29, 1994. The plaintiff, a student at the University of Tennessee-Knoxville, was on her way to class; the defendant, an employee at the College of Veterinary Medicine on the same campus, was going to work. Both were proceeding west on Cumberland Avenue. The plaintiff was in the left-hand turn lane, intending to turn left onto Stadium Drive. The defendant was immediately to the right of the plaintiff, in a lane for vehicles proceeding straight ahead. She had originally intended to go

2

straight, but changed her mind, after which she turned into the plaintiff's lane of traffic, striking the right front part of the plaintiff's vehicle.

The plaintiff sued the defendant[1] for damages. The defendant and her husband filed a counterclaim for damages. At the conclusion of all the proof, the plaintiff moved for a directed verdict "on the issue of liability." The trial court granted the plaintiff's motion as to the counterclaim, finding no evidence of negligence on the part of the plaintiff.[2] The trial court denied the motion as to the original complaint, remarking that "[t]he jury's got to decide whether this defendant was negligent."

We will address first the failure of the trial court to grant the plaintiff's motion for a directed verdict on the issue of the defendant's liability.

The standards applicable to a court's evaluation of a motion for directed verdict in a negligence case are well established. In **Eaton v. McLain**, 891 S.W.2d 587 (Tenn. 1994), the Supreme Court had occasion to state these standards:

> In ruling on the motion, the court must take
> the strongest legitimate view of the evidence
> in favor of the non-moving party. In other
> words, the court must remove any conflict in
> the evidence by construing it in the light
> most favorable to the non-movant and
> discarding all countervailing evidence. The

---

[1] Ms. Orosz's husband, Eric Bergman, was sued on the theory that she was driving a family purpose vehicle. The defendant and her husband admitted this fact at trial.

[2] The defendant and her husband have not appealed this ruling.

court may grant the motion only if, after assessing the evidence according to the foregoing standards, it determines that reasonable minds could not differ as to the conclusions to be drawn from the evidence. (Citations omitted.) If there is any doubt as to the proper conclusions to be drawn from the evidence, the motion must be denied. (Citation omitted.)

*Id*. at 590.

In the instant case, the plaintiff alleges, among other acts of negligence, that the defendant violated certain statutes, which are as follows:

Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply:

(1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety;...

T.C.A. § 55-8-123.

No person shall...turn a vehicle from a direct course or move right or left upon a roadway, unless and until such movement can be made with reasonable safety.

T.C.A. § 55-8-142(a).

Every driver who intends to start, stop or turn, or partly turn from a direct line, shall first see that such movement can be made in safety,...

4

T.C.A. § 55-8-143(a).  It was and is the plaintiff's position that the defendant violated these code sections and that her violations were the proximate cause of the accident and the injuries and damages claimed by the plaintiff and her husband.

The plaintiff and the defendant were the only witnesses to the accident; however, neither party saw the other before their cars collided.  The plaintiff testified that as she approached the intersection in the left-hand turn lane, she observed that the traffic light at the intersection was red.  She said that she had almost brought her car to a complete stop when it was struck in the right front side by the left front of the defendant's vehicle.  The parties agree that after the collision, the plaintiff's vehicle was still in the turn lane and the defendant's vehicle was partly in the turn lane and partly in the through-traffic lane.

The defendant admitted that the "driver's side front corner of [her] vehicle collided with the passenger side front wheel and front fender of [the plaintiff's] vehicle."  When asked if she could tell the jury anything that the plaintiff had done to cause the accident, the defendant responded, "[n]o, sir, I can't."

The plaintiff testified that the defendant volunteered at the scene of the accident that the collision was her fault. When asked about this at trial, the defendant responded:

> I don't know if I implied it or if I said it.
> Honestly, I don't.

The defendant testified regarding what took place when she made a decision to turn left at Stadium Drive rather than going straight through the intersection:

> Q. And upon deciding you're going to make a left on Stadium, are you moving or stopped at that point, as you're thinking about this?
>
> A. I was -- I was at a complete stop.
>
> Q. And in what lane?
>
> A. I was in the left-hand [through-traffic] lane.
>
>      *  *  *
>
> Q. All right, And what did you do then once you changed your mind and you were going to make a left onto Stadium Drive.
>
> A. Okay, after -- I remember after I looked at the clock and made the decision, then I put my blinker on to get into the left-hand turn lane.  Then I looked into the --
>
> Q. Which blinker did you put on?
>
> A. My left.
>
> Q. All right.
>
> A. Okay, then I looked into the rear view mirror and looked straight behind me and I did not see anyone coming.  Then I looked in the mirror on the left by the driver's seat, didn't see anyone there, and then gave a quick glance up ahead, still didn't see anyone, and then slowly took my foot off the clutch so I could go into this lane.  So, I had just started turning the wheel of the car, and taking my foot off the clutch when the accident occurred.

When the defendant made her decision to change lanes, she was stopped behind other traffic in the through-traffic lane, waiting for the red light to change.

6

When the evidence is viewed "in the light most favorable to the non-movant,"[3] i.e., the defendant, *see* **Eaton**, 891 S.W.2d at 590, it is subject to only one reasonable interpretation -- the defendant changed lanes at a time when such a movement could not "be made with reasonable safety." *See* T.C.A. § 55-8-142(a). It is obvious to us, as the plaintiff argues, that the defendant was negligent in failing to make sure that the plaintiff was not in her "blind spot." Before making her lane change, the defendant checked her back and side mirrors; what she failed to do was look back over her left shoulder to assured herself that a vehicle was not to her left in the area that could not be viewed through the side and back mirrors. This was a clear violation of T.C.A. § 55-8-142(a). That violation was the proximate cause of the collision between the two cars.

In this case, it was conceded by the defendant, and found by the trial court, that the plaintiff was not guilty of any negligence. Thus, logically, we are presented with an accident that was either caused by the defendant's negligence or was unavoidable in nature. An "unavoidable accident" has been defined by this court as follows:

> An unavoidable or inevitable accident is such
> an occurrence or happening as, under all
> attendant circumstances and conditions, could
> not have been foreseen or anticipated in the
> exercise of ordinary care as the proximate
> cause of injury by any of the parties
> concerned. In other words, where there is no
> evidence that the operator of the motor
> vehicle was negligent in any way, or that he
> could have anticipated the resulting

---

[3]For example, in taking this view of the evidence, we have ignored Ms. Decker's testimony that the defendant admitted fault at the scene of the accident. A reasonable inference from Ms. Orosz' testimony is that she did not intend to admit fault.

> accident, the accident is deemed to have been an unavoidable or inevitable one for which no recovery may be had.

*Whitaker v. Harmon*, 879 S.W.2d 865, 870 (Tenn.App. 1994) (citing from 7A Am.Jur.2d, Automobiles and Highway Traffic § 397, pp.607-08). To state the rule is to demonstrate that it does not describe the facts in this case. When measured against this definition, the evidence in this case cannot reasonably be interpreted in such a way as to conclude that the collision was unavoidable. On the contrary, it seems to us that the evidence, even when viewed in a light most favorable to the defendant, clearly demonstrates negligence on the part of the defendant that proximately caused this collision. This accident could have been avoided had the defendant ascertained that the plaintiff was to her left in the "blind spot." According to her testimony, she did not do that.

We believe that the plaintiff was entitled to a directed verdict on the issue of the defendant's liablity.[4] Accordingly, we vacate the trial court's judgment entered on the jury's verdict for the defendant, and remand this case for the entry of a verdict for the plaintiff on the issue of the defendant's liability, and for a new trial limited solely to the damages, if any, to which the plaintiff and her husband are entitled. Costs on appeal are taxed against the appellees.

_____
Charles D. Susano, Jr., J.

---

[4]Because of our disposition of plaintiff's first issue, we do not find it necessary to reach the other issues raised on this appeal.

CONCUR:


_____
Houston M. Goddard, P.J.



(Separate Dissenting Opinion)
Herschel P. Franks, J.