IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## HAROLD RUSSOM and wife, DORA RUSSOM v. PHILIP J. McCLORE

**An Appeal from the Circuit Court for Shelby County**
**No. 84656 T.D.; The Honorable D'Army Bailey, Judge**

---

**No. W1999-02215-COA-R3-CV - Decided May 10, 2000**

---

This appeal arises from an action to recover for personal injuries sustained by plaintiff, Mr. Russom, and a loss of consortium claim filed by plaintiff, Mrs. Russom. Mr. Russom and Mr. McClore were involved in a traffic accident caused by defendant McClore. The Russoms filed suit to recover damages in the Shelby County Circuit Court. The only issue at trial was the amount of damages to be awarded to the Russoms. The jury returned a verdict for Mr. Russom in the amount of eight thousand dollars. The jury failed to award Mrs. Russom any damages for her loss of consortium claim. The Russoms subsequently filed a motion for new trial, or in the alternative, a Suggestion of Additur that was denied by the trial court. The Russoms have appealed.

**Tenn.R.App.P. 3; Appeal as of right; Judgment of the Circuit Court is Affirmed.**

HIGHERS, J., delivered the opinion of the court, in which CRAWFORD, P.J., W.S., and LILLARD, J., joined.

Ronald Krelstein, Memphis, Attorney for Appellants, Harold Russom, et ux

Stewart C. Stallings, Memphis, Attorney for Appellee, Philip J. McClore

**OPINION**

On appeal, the Russoms assert that the trial court erred in denying their motion for new trial. Based on the following, we affirm the judgment of the trial court.

**Facts and Procedural History**

Mr. Russom and Mr. McClore were involved in an auto collision in Memphis, Tennessee on May 15, 1996. The accident occurred when Mr. McClore ran a red light and broadsided Mr. Russom's truck while both parties were attempting to cross an intersection. On January 24, 1997, Mr. Russom filed suit to recover damages for personal injury and loss of income. In addition, Mrs. Russom sought recovery for loss of consortium caused by her husband's injuries. Prior to trial, Mr. McClore conceded liability in causing the accident. As a result, the only trial issue was the amount of damages, if any, to be awarded to the Russoms.

A jury trial on the matter was held in December 1998. At trial, Mr. Russom testified regarding a back injury that resulted from the accident. According to Russom, he was in persistent pain and sought treatment from two doctors in the period following the accident. Russom testified that he had not suffered from back pain prior to the accident and was in good health. In addition, the deposition testimony of Russom's doctor, Dr. Friedman, was presented. This testimony indicated that Russom suffered from "chronic muscle-tendon-ligament strain" that probably resulted from the accident.[1] According to Friedman, the condition would gradually improve. Russom also offered medical bills detailing his treatment. These bills totaled around seventy three hundred dollars.

Russom offered some evidence indicating a decreased earning capacity from the time of the accident until December 1996. However, during this period, Russom continued to work in a "light duty status" at his job as an auto body repair person. In summary, Russom earned twenty-one thousand dollars in 1994 and twenty-five thousand dollars in 1995, the years prior to the accident. In 1996, the year the accident actually occurred, Russom earned twenty-three thousand dollars. At the time of trial, Mr. Russom had earned approximately thirty-one thousand dollars in 1998. According to Russom, his increased income was because he had learned to "work smarter."

Mrs. Russom testified about her husband's condition following the accident and the effect this had on the Russom household. According to Mrs. Russom, her husband did not sleep well and was often in pain. In addition, she testified that Mr. Russom was no longer able to help her with household chores.

The jury returned a verdict of eight thousand dollars for Mr. Russom, allocating nothing to Mrs. Russom for her loss of consortium claim. Seeking a greater recovery, the Russoms filed a motion for a new trial, or in the alternative, a suggestion for additur claiming that the verdict was inadequate as a matter of law. The motion was denied by the trial court. Thereafter, the Russoms filed this appeal.

On appeal, the Russoms assert that the trial court erred in upholding the jury verdict and refusing to grant them a new trial based on the inadequacy of the damage award. In addition, the Russoms assert that the trial court erred in failing to instruct the jury on the issue of preexisting injury and aggravation of pre-existing injury.

**Analysis**

Pursuant to Rule 13(d) of the Tennessee Rules of Appellate Procedure, findings of fact in a jury trial will be set aside only if there is no material evidence to support the verdict. See Tenn. R. App. P. Rule 13(d); Scott v. Jones Bros. Constr., 960 S.W.2d 589 (Tenn. Ct. App. 1997). In other words, when a trial court approves a jury verdict, we may only review the record to determine

---

[1] In addition, Russom testified that he was unable to do certain physical activities that he had done prior to the accident, such as fishing and hunting.

whether it contains material evidence to support the jury's verdict. This Court will not reweigh the evidence and consider where the preponderance lies. Instead, we must determine whether there is any material evidence to support the verdict, and, if there is, we must affirm the judgment. Jackson v. Patton, 952 S.W.2d 404, at 405 (Tenn. 1997); Overstreet v. Shoney's, Inc., 4 S.W.3d 694, at 718 (Tenn. Ct. App. 1999) citing Reynolds v. Ozark Motor Lines, Inc., 887 S.W.2d 822, 823 (Tenn.1994); Whitaker v. Harmon, 879 S.W.2d 865, 867 (Tenn. Ct. App.1994).

## A. Motion for New Trial

A trial court is given wide latitude in granting a motion for new trial, and a reviewing court will not overturn such a decision unless there has been an abuse of discretion. Loeffler v. Kjellgren, 884 S.W.2d 463, 468 (Tenn. App. 1994). Accordingly, the refusal to grant a motion for new trial is a discretionary decision of the trial judge. Esstman v. Boyd, 605 S.W.2d 237, 240 (Tenn. App. 1979); Seay v. City of Knoxville, 654 S.W.2d 397, 398-399 (Tenn. App. 1983); Miller v. Altman Const. Co., 666 S.W.2d 466, 468 (Tenn. App. 1983). On appeal, our review is limited to determining whether the trial court abused its discretion in making this decision. Herbert v. Brazeale, 902 S.W.2d 933, 936 (Tenn. Ct. App.1995); Ladd by Ladd v. Honda Motor Co., Ltd., 939 S.W.2d 83, 104 (Tenn. App. 1996). Under this standard, the Russoms must prove that the lower court abused its discretion in failing to grant a motion for new trial.

On appeal, the Russoms assert that the trial court erred in failing to grant their motion for new trial in the underlying action. The Russoms based this motion on the alleged inadequacy of the damages awarded by the jury. According to the Russoms, the damage award was not supported by material evidence. For the following reasons, we find that the damage award was supported by material evidence and that the trial court did not err in refusing to grant the motion for new trial.

In a jury trial, the jury determines the amount of damages, if any, to be awarded. If the trial court disagrees with the amount of the verdict, finding it to be either excessive or inadequate, the trial court may set aside that judgment. Foster v. Amcon Int'l., Inc., 621 S.W.2d 142, 148 (Tenn.1981). As an alternative, the trial court may grant a remittitur or an additur in lieu of granting a new trial. See Tenn. Code Ann. § 20-10-102 (1994); Hardesty v. Service Merchandise Co., Inc., 953 S.W.2d 678 at 681 (Tenn. Ct. App. 1997).

The amount of damages awarded in a jury verdict and approved by the trial judge is entitled to great weight on appeal. Karas v. Thorne, 531 S.W.2d 315, 317 (Tenn. Ct. App.1975). Where issue is taken regarding the inadequacy of the amount of the verdict, our review is subject to the rule that the jury's award should not be disturbed if it is supported by any material evidence. See Hunter v. Burke, 958 S.W.2d 751, 757 (Tenn. Ct. App.1997); Reynolds v. Ozark Motor Lines, Inc., 887 S.W.2d 822, 823 (Tenn.1994); Whitaker v. Harmon, 879 S.W.2d 865, 867 (Tenn. Ct. App.1994). Under this standard, we find that the damage award should be upheld.

At trial, the Russoms presented evidence of medical expenses totaling around seventy-three hundred dollars. The Russoms were unable to show evidence of any other significant harm that would result in additional damages. Mr. Russom's income did not noticeably decline following the

-3-

accident. In fact, his income showed improvement in the years after the incident and Russom was able to continue working. Excerpts from the deposition of Russom's physician indicated that Russom would fully recover in time. Based on the aforementioned, we find that the damage award was supported by material evidence. Accordingly, the trial court did not abuse its discretion in denying a motion for new trial premised on the inadequacy of the damage award.

## B. Jury Instruction

As a secondary issue, the Russoms assert that the trial court erred in failing to instruct the jury on the issue of preexisting injury and aggravation of pre-existing injury. We find it unnecessary to address this issue. The Russoms did not object to the charge as given, and did not make a request for a special charge including an instruction of preexisting injury. In order for an appellant to predicate error on an alleged omission in the jury charge, the appellant must have made an appropriate request for the omitted instruction at trial. See Rule v. Empire Gas Corp., 563 S.W.2d 551, at 554 (Tenn. 1978) citing Rule 51.02 Tenn. R. Civ. P.; see also Rule 36(a) Tenn. R. App. P.[2] This issue is without merit.

## Conclusion

Based on the foregoing, the judgment of the trial court is hereby affirmed. Costs on appeal are taxed to the appellants, Harold and Dora Russom, for which execution may issue if necessary.

---

[2] Rule 36(a) of the Tenn. R. App. P. provides in relevant part: "Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or *who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error*." (emphasis added)