IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 21, 2004 Session

## MARSHA RICKETTS v. SARA M. ROBINSON, ET AL.

### Direct Appeal from the Circuit Court for Weakley County
No. 3815     William B. Acree, Jr., Judge

### No. W2004-00004-COA-R3-CV - Filed November 4, 2004

This is an appeal from a jury verdict finding that all parties involved were without fault in an automobile accident. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Bruce Conley, Union City, Tennessee, for the appellant, Marsha Ricketts.

Kyle C. Atkins, Humboldt, for the appellee, Sara M. Robinson.

Fred N. McLean, Paris, Tennessee, for the appellee, Larry Pentecost.

### OPINION

#### *Statement of the Facts*

On the morning of December 18, 2000, the defendant, Sara Robinson ("Ms. Robinson") was traveling south on Rock Hill Road, near Sharon, Tennessee. The road was covered with some degree of snow and ice. As Ms. Robinson was driving up a hillside section of the road, her van began to lose traction and slide. She again attempted to drive up the hill, but, when her efforts failed, she decided to back the van down the hill. The van, however, continued to slide, but Ms. Robinson was able to stop the van half-way down the hill.

While Ms. Robinson was stopped half-way up the incline, the defendant, Larry Pentecost ("Mr. Pentecost"), also traveling south on Rock Hill Road, approached Ms. Robinson's vehicle from behind. As Mr. Pentecost approached the scene, he stopped his telephone truck, set out warning cones, and walked up the hill to assist Ms. Robinson. Mr. Pentecost attempted to back the van down the hill, but the van continued to slide. The left rear of the van began to slide

sideways towards the centerline of the road. Mr. Pentecost stopped the van with the back left quarter panel coming to rest approximately one and one-half feet to two feet into the northbound lane.

Shortly afterwards, the plaintiff, Marsha Ricketts ("Ms. Ricketts"), traveling north on Rock Hill Road, crested the hill and saw the defendant's van stopped partially crossing the centerline. To avoid colliding with Ms. Robinson's van, Ms. Ricketts drove her sports utility vehicle into the ditch on the east side of the road. Ms. Ricketts' vehicle came to rest in the ditch at a point roughly even with Ms. Robinson's van. Ms. Ricketts was able to drive her vehicle out of the ditch. Mr. Pentecost, with the help of a neighbor near the scene, physically turned Ms. Robinson's van around, directing it north, and Ms. Robinson drove away.

### *Procedural History*

On December 14, 2001, Ms. Ricketts filed a complaint against Ms. Robinson and Mr. Pentecost (collectively "Defendants") seeking damages for injuries resulting from the accident. In her complaint, Ms. Ricketts alleged that Defendants negligently maintained control of Ms. Robinson's vehicle and, as a result of their negligence, proximately caused Ms. Ricketts' injuries. Ms. Ricketts based her claim on theories of common law negligence and statutory negligence *per se*.[1]

---

[1] In support of her claims for negligence *per se*, Ms. Ricketts alleged that Defendants violated certain sections of the Tennessee Code, including, but not limited to, the following:

> Upon all roadways of sufficient width, a vehicle shall be driven upon the right side of the roadway . . . .

Tenn. Code Ann. § 55-8-115(a).

> Drivers of vehicles proceeding in opposite directions shall pass each other to the right, and upon roadways having width for not more than one (1) line of traffic in each direction, each driver shall give to the other at least one-half (½) of the main-traveled portion of the roadway as nearly as possible.

*Id*. § 55-8-116.

> No vehicle shall at any time be driven to the left side of the roadway under the following conditions:
>     (1) When approaching the crest of a grade or upon a curve in the highway where the driver's view is obstructed within three hundred feet (300') or such distance as to create a hazard in the event another vehicle might approach from the opposite direction[.]

*Id*. § 55-8-120(a)(1).

> Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply:
>     (1) A vehicle shall be driven as nearly as practicable entirely within a single lane[.]

(continued...)

The case was tried before a jury. Prior to trial, the court submitted proposed jury instructions to the parties. Ms. Ricketts filed a motion seeking to modify certain instructions, including an objection to an "unavoidable accident" charge and a request for an instruction that a motorist has a right to assume that a roadway will be clear. At the close of the proof, Ms. Ricketts moved for directed verdict on the issue of liability, which the trial court denied. After hearing all the evidence and being instructed by the judge on the applicable law, the jury returned a verdict attributing zero percent (0%) fault to all the parties.

## *Issues*

Ms. Ricketts appealed and has presented for our review the following issues:

(1)     Whether the court erred in not granting a directed verdict on the issue of liability at the conclusion of the evidence.

(2)     Whether the trial court erred in instructing the jury, as requested by Defendants, on the issue of unavoidable accident.

(3)     Whether the trial court erred in failing to instruct the jury, as requested by the Plaintiff, that a motorist has the right to assume that her passage will not be blocked with the illegal placement of another vehicle, and the motorist is not required to maintain such control of her vehicle as to stop before striking an obstruction which she has the right to assume will not be there.

## *Law and Analysis*

### (1) *Trial Court's Failure to Grant Directed Verdict*

When deciding a motion for directed verdict, the standard the trial court and appellate court must use is well settled. The Tennessee Supreme Court stated the standard as follows:

In ruling on the motion, the court must take the strongest legitimate view of the evidence in favor of the non-moving party. In other words, the court must remove

---

[1](...continued)
*Id*. § 55-8-123.

No vehicle shall be turned so as to proceed in the opposite direction upon any curve, or upon the approach to or near the crest of a grade, where such vehicle cannot be seen by the driver of any other vehicle approaching from either direction within five hundred feet (500').

*Id*. § 55-8-141(a).

any conflict in the evidence by construing it in the light most favorable to the non-movant and discarding all countervailing evidence.  The court may grant the motion only if, after assessing the evidence according to the foregoing standards, it determines that reasonable minds could not differ as to the conclusions to be drawn from the evidence.  If there is any doubt as to the proper conclusions to be drawn from the evidence, the motion must be denied.

*Eaton v. McClain*, 891 S.W.2d 587, 590 (Tenn. 1994)(citations omitted).

From the record in this case, it appears that the evidence was clearly susceptible to more than one interpretation.  At trial, the jury heard controverted evidence regarding the orientation and position of the van in the roadway; the condition of the roadway; the speed of Ms. Ricketts' vehicle; the distance from the crest of the hill to the point where the van was stopped; and the amount of roadway clearance between the van and the ditch.  Defendants presented testimony that Ms. Ricketts was driving at a speed of forty to forty-five miles per hour as she came over the hill, an arguably unreasonable speed based upon the road conditions.  Defendants testified that Ms. Robinson's van was only extended approximately two feet across the centerline.  Defendants further testified that had Ms. Ricketts been driving at a slower speed, she could have stopped before reaching the van or safely driven between the van and the ditch.  Viewing the evidence in the light most favorable to the non-moving party, we find the trial court did not err in denying the motion for a directed verdict.

(2)  *Unavoidable Accident Jury Instruction*

Ms. Ricketts argues on appeal that she was prejudiced by the trial court instructing the jury on the unavoidable accident doctrine.  As part of its entire charge, the trial court instructed the jury as follows:

An unavoidable or inevitable accident is such an occurrence or happening that under all attending circumstances and conditions could not have been foreseen or anticipated in the exercise of ordinary care as the proximate cause of injury by any of the parties concerned.  In other words, where there is no evidence that the operator of the motor vehicle was negligent in any way or that he could have anticipated the result of an accident, the accident is deemed to have been an unavoidable or inevitable one.

The trial court has a duty to instruct the jury on every factual issue and theory of the case presented by the parties.  *Cole v. Woods*, 548 S.W.2d 640, 642 (Tenn. 1977); *see also Grissom v. Metro. Gov't of Nashville*, 817 S.W.2d 679, 685 (Tenn. Ct. App. 1991).  Whether a jury instruction is proper is a mixed question of law and fact, "determined from the theories of the parties, the evidence in the record and the law applicable thereto."  *Solomon v. First Am. Nat'l Bank of Nashville*, 774 S.W.2d 935, 940 (Tenn. Ct. App. 1989).  We have stated the particular standard we use to examine a trial court's jury charge as follows:

We review the jury charge in its entirety to determine whether the trial judge committed reversible error. Jury instructions are not measured against the standard of perfection. The charge will not be invalidated if it "fairly defines the legal issues involved in the case and does not mislead the jury." Furthermore, a particular instruction must be considered in the context of the entire charge.

*City of Johnson City v. Outdoor West, Inc.*, 947 S.W.2d 855, 858 (Tenn. Ct. App. 1996) (citations omitted).

Tennessee has long recognized the doctrine of unavoidable accident. *Nelson v. Richardson*, 626 S.W.2d 702 (Tenn. Ct. App. 1981). An unavoidable accident has been defined as an event that, "under all attendant circumstances and conditions, could not have been foreseen or anticipated in the exercise of ordinary care as the proximate cause of injury by any of the parties concerned." *Whitaker v. Harmon*, 879 S.W.2d 865, 870 (Tenn. Ct. App. 1994)(quoting 7A Am. Jur. 2d *Automobiles and Highway Traffic* § 397, at 607–08)). Since the adoption of comparative fault in Tennessee, however, an instruction on the doctrine of unavoidable accident has become, in large part, unnecessary. *Id*. at 869. In *Whitaker*, this Court stated, an "'unavoidable accident' in its simplest terms is nothing more than a lack of negligence on the part of any party." *Id*. Further, the *Whitaker* court stated, an "adequate instruction on negligence alone is sufficient and an 'unavoidable accident' charge is unnecessary except in, perhaps, the most unusual circumstance." *Id*.

At the close of the evidence, the trial court addressed Ms. Ricketts' objection to the proposed unavoidable accident instruction. In that colloquy, the trial judge explained that he was going to charge unavoidable accident because "it look[ed] like to [him] from hearing the evidence that she got in trouble when she got halfway up the hill and couldn't go up or down." In addition to charging unavoidable accident, the trial court gave the jury a complete instruction on the legal principles of negligence and comparative fault. The trial court, utilizing the Tennessee Pattern Jury Instructions,[2] instructed the jury that whether certain instructions applied depended on the factual conclusions reached by the jury. After deliberating, the jury returned a verdict of zero percent (0%) fault as to all parties.

On appeal, Ms. Ricketts argues that she was prejudiced by the inclusion of the unavoidable accident instruction. She argues that the instruction did not apply to the facts of this

---

[2]The trial court included Tennessee Pattern Jury Instruction, Civil 15.11, titled *All Instructions Not Necessarily Applicable*, which states as follows:

The Court has given you various rules of law to help guide you to a just and lawful verdict. Whether some of these instructions will apply will depend upon what you decide are the facts. The Court's instructions on any subject [including instructions on damages], must not be taken by you to indicate the Court's opinion of the facts you should find or the verdict you should return.

T.P.I.— Civil 15.11.

case because Ms. Robinson could have foreseen or anticipated the difficulties she experienced when she consciously attempted to drive up the hill while the road conditions were questionable. Ms. Ricketts further argues that the jury's verdict of zero percent (0%) fault, in effect, shows that the jury believed the accident was unavoidable and no party was at fault. The jury's verdict of zero percent (0%) fault indicates either they found this accident to be unavoidable, or, just as easily, that they found neither party carried their burden of proving negligence on the part of the other party. This Court, however, can only speculate as to the jury members' thought processes.

The trial court's instructions thoroughly and fairly defined the legal principles respecting comparative fault. In light of the evidence in this case and in context of the entire charge, we find the trial court did not err in instructing the jury on the unavoidable accident doctrine.

(3) *Failure to Instruct Jury that Motorist has Right to Assume that Passage will not be Blocked*

Ms. Ricketts argues that the trial court erred by failing to charge the jury that a motorist has a right to assume that her passage will not be blocked, and that a motorist is not required to maintain such control of her vehicle as to stop before striking an obstruction which she has a right to assume will not be there. In forming her proposed instruction, Ms. Ricketts relied on language excerpted from the cases of *Barr v. Charlie*, 387 S.W.2d 614, 617 (Tenn. 1965) and *Fontaine v. Mason Dixon Freight Lines*, 357 S.W.2d 631, 634 (Tenn. Ct. App. 1962). It is important to note that both of these cases were contributory negligence cases decided before Tennessee's adoption of comparative fault. In addressing Ms. Ricketts' proposed special instruction, the trial judge stated that he did not think the charge was proper. The trial court reasoned that the jury instructions included the many rules of the road regarding a motorist's right-of-way, which formed a basis for the plaintiff's complaint.

In general, a trial court should give a requested jury instruction if it is supported by the evidence, embodies the party's theory, and is an accurate statement of the law. *Tallent v. Fox*, 141 S.W.2d 485, 497 (Tenn. Ct. App. 1940). Where the trial court fully and fairly charges the jury on the applicable law, the denial of a special request for an additional jury instruction will not be reversed on appeal. *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 445 (Tenn. 1992). Without determining whether the proposed instruction in this case was a correct statement of the law, we find the trial court's charge, read as a whole, fully addressed the applicable law controlling this issue raised by Ms. Ricketts.

### *Conclusion*

For the foregoing reasons, we affirm the trial court's judgment. Costs of this appeal are

taxed against the appellant, Ms. Marsha Ricketts, and her surety, for which execution may issue if necessary.

_____

DAVID R. FARMER, JUDGE